T. T. Dallas, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Opinion Filed August 15, 1918.

1. In a prosecution for having carnal intercourse with an unmarried woman under the age of eighteen years, of previous chaste character, the previous chaste character of the

prosecutrix is a material element of the offense to be alleged and proven.

2. When the State has met the requirement of proving the previous chaste character of the prosecutrix, it is competent for the defendant to introduce evidence that the prosecutrix, prior to the alleged acts of carnal intercourse with the defendant, had associated with persons of low morals, conducted herself in a free and intimate manner with men, or permitted them to take liberties with her.

3. In a prosecution for having carnal intercourse with an unmarried woman under the age of eighteen years, of previous chaste character, it is reversible error for the Court to charge that "as to the previous caste character of the prosecuting witness the law presumes that every unmarried female is of chaste character until she has been shown to be otherwise."

Writ of Error to Criminal Court of Record for Hillsborough County; W. S. Graham, Judge.

Judgment reversed.

*Alonzo Wilder,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

BROWNE, C. J.—The plaintiff in error was convicted of the charge of having carnal intercourse with an unmarried female under the age of eighteen years of previous chaste character.

The last assignment of error, based upon the court's denial of the defendant's motion for a new trial, raises the question of the sufficiency of the testimony to support the verdict. It was established that she was unmarried.

The woman testified to the carnal intercourse, and her mother testified that the defendant admitted it. All this the defendant denied. The testimony as to her age was not very clear, but as the jury were satisfied with it, and there was some competent evidence as to the carnal intercourse and to her being under eighteen years of age, we will not disturb the verdict because of the insufficiency of the evidence on these points.

The evidence of her previous chaste character, we will discuss with other assignments.

The sixth, seventh, eighth and ninth assignments of error relate to the refusal of the trial judge to permit the defendant to introduce testimony to prove acts on the part of the prosecuting witness that would tend to show lack of chastity.

The questions which form the basis of the sixth and seventh assignments were too broad, and objections to them were properly sustained. The questions which form the basis of the eighth and ninth assignments were: "Q. Have you ever seen this girl in any act of familiarity with any man in the last six months? "Q. Have you seen this girl, Sallie France, sitting in the lap of any man during February or March of this year?"

The last question is in the assignment of errors, but is not in the bill of exceptions, and, therefore, it cannot be considered by this court except as indicating what should be done on another trial if this evidence should be offered.

The prosecutrix testified to her previous chaste character, and the testimony sought to be adduced by these questions was proper as tending to show a lack of chastity on her part, or as affecting her character for chastity.

Where, as in this case, the previous chaste character of the prosecutrix is a material fact to be proven beyond a reasonable doubt, it is proper for the defendant when the State has met the requirement, to introduce evidence that the prosecutrix had, prior to the alleged act of carnal intercourse with the defendant, associated with persons of low morals, conducted herself in a free and intimate manner with men, or permitted them to take liberties with her. State v. Bige, 112 Iowa 433, 84 N. W. Rep. 518; Creighton v. State, 41 Tex. Crim. Rep. 101, 51 S. W. Rep. 910.

In Safford v. People, 1 Parker's Crim. Rep. (N. Y.) 474, the court said: "But I think the defence is not confined to cases of actual incontinency, but may prevail upon the ground of reputation alone, and that if the jury find the female really had the reputation of being unchaste, the case is not within the statute. The use of the word 'character' is important in this respect, and in such case she does not come within the class described in the act, although illicit intercourse, in fact, can not be proved."

The first, fourteenth, fifteenth and sixteenth assignments of error raise substantially the same question: the propriety of this charge: "The court instructs you as to the previous chaste character of the prosecuting witness that the law presumes that every unmarried female is of chaste character until she has been shown to be otherwise.

The defendant was charged with violating Chapter 6974 of the Acts of 1915. This act was amendatory of Section 3521 of the General Statutes and the only change in the law was the insertion of the words "of previous chaste character."

We cannot be unmindful of the fact that from the time this statute was first enacted until the amendment of 1915, the words "of previous chaste character" were not part of the law; and when the Legislature inserted these words, they made the previous chaste character of the prosecutrix one of the essential elements of the crime. These are: 1. Carnal intercourse. 2. The female must have been unmarried at the time of the carnal intercourse. 3. She must be of previous chaste character. 4. She must have been under the age of eighteen years at the time of the carnal intercourse.

It is necessary to allege and prove each of these elements beyond a reasonable doubt, but the instruction complained of assumes the existence of one of the material elements of the offense, and relieves the prosecution of the necessity of furnishing any proof thereof.

The only cases cited by the State in support of the soundness of the instruction, where the language of the statutes are the same or of similar import to ours, are from Georgia and New York.

The case from the last named State is that of Crozier v. People, 1 Parker's Crim. Rep. (N. Y.) 453, the second headnote to which is as follows: "By 'previous chaste character' the statute means personal chastity—actual character—not reputation. In the absence of proof such chastity will be presumed. But the presumption may be overcome by specific acts of lewdness proved affirmatively on the part of the defendant."

A note by the reporter, however, calls attention to the fact that "From other cases reported in this volume, it will be seen there are differences of opinion upon the last two propositions. See The People v. Allger, page 33, and The People v. Safford, page 474." And an examination of these cases lessens the effect of the Crozier case.

In a discussion of this question in State v. Holter, 32 S. D. 43, 142 N. W. Rep. 657, 46 L. R. A. (N. S.) 376, the court said this about the New York decisions: "Our attention has not been called to any case decided by the Court of Appeals of New York that turned upon the precise question involved in this case. Kenyon v. People, 26 N. Y. 204, 84 Am. Dec. 177, cited by the State, does not support the contention of respondent. It appears from an examination of the opinion of the court in that case that the prosecutrix testified to her being of previous chaste character, and Balcom, J., in his concurring opinion said it was proper for the State to show this fact."

In those States that hold that in this class of cases the previous chastity of a prosecutrix will be presumed and no proof is necessary to establish it, the statutes are silent about her previous chastity, and we are not called upon to approve or disapprove of the rule in those cases, as our statute makes the previous chaste character of the prosecutrix a material element of the offense. As has been well said, the rule of the presumption of the chastity of an unmarried woman is a shield of the accused and not the sword of the prosecution. Thus, where a woman who stands charged with an offense where her chastity is challenged the law humanely presumes her to be chaste. It is but a corollary of the presumption of her innocence.

It is a shield to protect her when she is on trial, and not a sword to be used to destroy the greater presumption of innocence which protects a man from a charge made by a woman scorned, or who having shared with him the enjoyment of their lascivious conduct, seeks from revenge or other motive to bring down on him the penalty of the law, which but for her own uncontrolled passion, he would not have violated.

What has been said by some courts about an unchaste female in our country being a comparatively rare exception, is no doubt true where the population is composed largely of the Caucasian race, but we would blind ourselves to actual conditions if we adopted this rule where another race that is largely unmoral constitutes an appreciable part of the population. As was said by Mr. Justice Woods in Ferguson v. State, 71 Miss. 805, 15 South. Rep. 66: "The presumptions of law spring from and rest upon the general knowledge and universal experience of mankind."

The great weight of the authorities, both in number and force, is against the correctness of the instruction complained of.

In West v. State, 1 Wis. 209, the court said: "The previous chaste character of the female is one of the most essential elements of the offence; made so by the express words of the statute, in conformity with the suggestions of sound reason. A prostitute may be the subject of rape, but not of seduction. It is the chastity of the female which the statute is designed to protect. The pre-existence of that chastity is a *sine qua non* to the commission of the crime. That is the subject of legal guardianship, provided by this section. It is a substantive matter necessary to be averred and proved.

"If the prosecutrix were to change places, and were she indicted for lascivious conduct, then, indeed, the legal presumption would come to her aid, and her chastity would be presumed. But when the State accuses one of its citizens with the violation of the chastity of another of its citizens by seduction, the law presumes the accused to be innocent of the entire offense, until the contrary appears. The State cannot be permitted to presume the *immediate* pre-existence of that chastity, with the de-

struction of which the defendant is charged. One act of illicit intercourse affords no presumption that another has not preceded it."

In Zabriskie v. State, 43 N. J. L. 640, the court said: "That good repute of the female is a constituent of the crime charged, and that it is an indispensable allegation in the indictment is not denied. To constitute guilt it is necessary that this good repute should exist; in the absence of it the statutory crime has not been committed. If all the other facts are proved, still the defendant must be adjudged to be innocent, unless the good repute is proven, or unless, in the absence of proof, it is presumed as a fact in the case.

"Such presumption, it is manifest, would destroy the presumption of innocence, which is ever present as a protection to the accused, and substitute for it the presumption of guilt.

"A woman who comes into court with a bastard child in her arms is not a representative of her sex; happily she represents a very insignificant portion of it. The fact that she has sacrificed that virtue which was her glittering crown casts such a shadow upon her, that in the most charitable view of the case, it should be left without presumption either way, to be determined by competent evidence what her prior repute has been. Her immoral conduct, unless mitigating cirmumstances are shown, classes her with the vicious and disreputable, and, as to her, negatives the presumption of purity so universally accorded to her sex. The question is not whether the vast majority of females are of good repute, but whether in this case it shall be presumed as a fact against the defendant that the woman with whom the crime is alleged to have been committed, and who carries with her the evidence of her shame, is of good repute. The

rule, is well founded, must be of universal application, and involves the broad proposition that of the entire class of women who bear illegitimate children, it must be presumed that every one who may prefer a charge of this kind is of good repute for chastity. It will be more reasonable to reverse the presumption."

In Marshall v. Territory, 2 Okla. Crim. Rep. 136, 101 Pac. Rep. 139, the court said: "The law, upon the one hand, presumes the defendant innocent until guilt is established by evidence to that degree of certainty reaching beyond a reasonable doubt. On the other hand, the law presumes that every female is chaste and virtuous until the contrary is established, or there is evidence sufficient to create a reasonable doubt upon this issue. There are cases and authorities holding, on each side of the proposition, that in such cases the presumption of chastity prevails over the presumption of innocence. From an examination of the cases the true rule will be found to be the cases where the law presumes the female is ot chaste and virtuous character are those that refer to general reputation and general repute of such female; how she is held in the community where she resides. In such cases the chastity of the female is not an element of the crime investigated. Wherever character is an element of the crime—that is, where the statutory definition of the crime involves chastity, wherein the act constituting the offense must have been concerning a female having previous chaste and virtuous character—the law will not presume such character to exist. The burden is upon the State to establish, beyond a reasonable doubt, each material allegation in the indictment, and each material element of the crime charged, one of which is that the female was of previous chaste and virtuous character. To

hold otherwise would be to hold that the defendant should prove his innocence."

In State v. Kelly, 245 Mo. 489, 150 S. W. Rep. 1057, 43 L. R. A. (N. S.) 476, the court said: "But in criminal prosecutions the presumption of chastity logically yields to the presumption of defendant's innocence, when the two directly conflict, as in this case. It is suggested there can be no such thing as conflicting presumptions, and hence the conclusion that the presumption of chastity disappears because of its conflict with the presumption of innocence is unsound. Whether this theory is logical when applied to presumptions arising from facts proved by the evidence in a given case, it is unnecessary to inquire, since the presumption of chastity does not arise on this record in that fashion. Whether the presumption of innocence be called merely the reason for the rule requiring proof of guilt beyond a reasonable doubt, or be held to be, of itself, substantive evidence in defendant's favor, it cannot long survive, if general inferences and presumptions not arising out of the facts proved by the evidence in the case are permitted to overthrow it. Whatever may be theoretically true as to the possibility of a conflict of presumptions, the jury's perplexity, when confronted in this case with instructions embodying both the presumption of innocence and that of chastity, and their unavailing effort to secure an explanation as to which presumption took precedence, evidences the possibility of a practical conflict productive of confusion and injustice. The instruction complained of should not have been given."

We might cite many authorities in support of this proposition, but it would serve no useful purpose. It is quite clear that the court erred in giving the charge as to the presumption of the chastity of the prosecutrix.

The eleventh assignment is predicated upon the refusal of the trial judge to allow the defendant to introduce a letter written by the prosecutrix to one Wilson in which she explained why she could not spend the day somewhere; appealing to him to come and see her when he left the other woman; that she was going to look for him, and he had better not disappoint her, because she would be lonely. This letter tended to show that she was familiar with other men, and to contradict the testimony of herself and her mother that she did not go out, or keep company with any other men. It was part of the evidence sought to be introduced by the defendant, which was rejected by the court, as bearing on her chaste character, and should have been admitted.

The judgment is reversed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., concurs in the result.