JOHN PORTER, *Plaintiff in Error*, v. STATE OF FLORIDA, *Ex Rel.*, MAUD MADDOX, *Defendant in Error*.

Division B.

Opinion Filed November 24, 1926.

1. Certificate of County Judge examined and found sufficient to give the Circuit Court jurisdiction to hear and determine a charge of bastardy.

2. The fact that the defendant did not answer the complaint in the Circuit Court or that the Circuit Court did not require an issue to be made up as required by the statutes, cannot be reached by a motion in arrest of judgment, but such

errors, if committed, should be brought to the attention of the Court by motion for new trial, when the record proper does not affirmatively show the asserted failure to answer as required by the statutes.

A Writ of Error to the Circuit Court of Jackson County; Amos Lewis, Judge.

Affirmed.

*W. E. B. Smith,* for Plaintiff in Error.

*Thos. E. Walker,* for Defendant in Error.

PER CURIAM.—This case is before this Court on a writ of error to a judgment against him of the Circuit Court, in a bastardy proceeding.

There are two assignments of error. The first is that the Court erred in overruling the motion to quash the proceedings and dismiss the case. This motion was as follows:

"1st.   Because the purported certificate of the County Judge certifying said cause to this Court is vague, indefinite, uncertain and insufficient.

2nd.   That the purported certificate of the County Judge does not show that the said defendant or accused was bound by the said Judge to be and appear before the next term of the Circuit Court for said County.

3rd.   Because the certificate of the County Judge does not show that after hearing the evidence produced he was of the opinion that sufficient cause was shown to bind the Defendant to appear before Circuit Court.

4th.   Because Section 3957 of the General Revised Statutes of Florida and the requirements therein contained was not complied with by the County Judge, and the

certificate of the County Judge does not place the said cause in the jurisdiction of this Court.''

The affidavit or complaint filed before the County Judge was as follows:

''Before me the undersigned County Judge in and for Jackson County, State of Florida, personally appeared Maud Maddox who being duly sworn says that she is a single woman, that she has never been married, that affiant on the 4th of July, 1925, was delivered of a boy child in the County of Jackson and State of Florida; that said child is still living and in law would be held and deemed a bastard; affiant further charges on her oath that the defendant, John Porter, is the father of said bastard child,'' and was signed and sworn to by the complaining witness, Maud Maddox.

The certificate complained of and made by the County Judge was as follows:

''I, E. C. Welch, County Judge in and for Jackson County, Florida, do hereby certify that on the 28th day of October, 1925, a hearing was had in the case of the State of Florida v. John Porter, charged with the crime of bastardy, and at said hearing, the Defendant was present in person and by attorney and the witnesses were sworn and examined in the presence of the Defendant, John Porter, and after hearing the testimony of the witnesses, the Defendant was bound over by me to the Circuit Court of Jackson County, Florida, for trial.

Witness my hand and the Seal of the County Judge's Court at Marianna in said Jackson County this 5th day of January, A. D. 1926.''

We find that in these matters the provisions of Section 3957, Rev. Gen. Statutes of Fla., were substantially and sufficiently complied with to give the Circuit Court jurisdiction of the cause.

The second assignment of error is that the Court erred in overruling defendant's motion in arrest of judgment upon the several grounds and each of them, as therein set forth. Motion in arrest of judgment was as follows:

1. "Because the record does not show that the case is properly in the jurisdiction of this Court.

2. The record does not show that cause was properly certified to this Court by the County Judge.

3. The record does not show that County Judge before the charge was brought, after examination, adjudged or found sufficient cause to hold the defendant to circuit court, nor to keep the peace.

4. Because the record shows defendant did not plead or answer the plaintiff.

5. Because the statute under which case was brought was not complied with by the Co. Judge's Court, or this Court."

Grounds numbered 1, 2 and 3 of this motion are disposed of by the holding of the Court with reference to the grounds presented in the motion to quash.

The 4th and 5th grounds of the motion in arrest of judgment raise a more serious question, but the question is not presented in this Court in the proper manner. If, as a matter of fact, the defendant did not answer the complaint in the circuit court and the circuit court did not cause an issue to be made up, as required by the statute, then there was no proper issue presented to the jury, and upon motion for new trial duly made and properly presenting such errors, the defendant should have prevailed, but such errors in procedure can not be reached by motion in arrest of judgment. The judgment is not void, because of such errors in procedure.

It appears from the record presented that the motion to

quash the proceedings and dismiss the case and also the motion in arrest of judgment, were properly overruled and denied.

·Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.