STANFORD MORRIS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed October 16, 1930.

*John J. Kehoe,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Compbell,* Assistant, for Defendant in Error.

BUFORD, J.—In this case the defendant was indicted with three others charged with murder in the first degree in connection with the unlawful homicide of one George Adams. The defendant was found guilty of murder in the third degree.

Under the statute of this State when homicide is perpetrated without any design to effect death by a person engaged in the commission of any felony other than arson, rape, robbery or burglary, it shall be murder in the third degree and shall be punishable by imprisonment in the State prison not exceeding twenty years.

We are unable to arrive at any logical conclusion as to why a jury found the defendant guilty of murder in the third degree in this case, except upon the theory that the defendant was present when a homicide was committed and was probably not without fault. The evidence does not establish the essential elements of murder in the third degree as defined by our statute.

If the evidence was sufficient to satisfactorily establish the guilt of the plaintiff in error of some degree of unlawful homicide higher than the third degree we could say, with authority to support us, that no harmful error had occurred, but in this case the jury did not find the evidence sufficient to convict the defendant of unlawful homicide higher than murder in the third degree and we have been

unable upon a careful consideration of the evidence as presented by the bill of exceptions to find that basis for sustaining the verdict and judgment.

In the case of Naomi Kuhn Johnson, formerly Naomi Kuhn, v. the State, filed December 28, 1929, reported 125 So. R. 355, this Court say:

"This Court has repeatedly held in criminal cases that, where the evidence relied upon to establish some essential element of the offense was not satisfactory, a reversal should be ordered. This does not mean that the Court will assume to determine the weight and credibility of conflicting testimony, when the facts sought to be established by the evidence are complicate or contradictory, requiring a consideration of the character, integrity or probity of witnesses whose testimony it is the province of the jury to compare and weigh, but it means that where there is such a lack of evidence tending to establish a material fact as to indicate that the jury has not been governed in its findings by substantial evidence of the existence of such material fact, a reversal should be awarded. See Nims v. State, 70 Fla. 530, 70 So. R. 565; Fuller v. State, 92 Fla. 973, 110 So. R. 528; Ming v. State, 89 Fla. 280, 103 So. R. 618; Platt v. State, 65 Fla. 253, 61 So. R. 502; Townsend v. State, 95 Fla. 139, 116 So. R. 7; Coker v. State, 83 Fla. 672, 93 So. R. 176; Knowles v. State, 86 Fla. 270, 97 So. R. 716; Davis v. State, 76 Fla. 179; 79 So. R. 450; Troop v. State (Fla.), 123 So. R. 811; Davis v. State, 90 Fla. 816, 107 So. R. 245. Also see Parish v. State, 124 So. R. 444, decided at this term of court."

On authority of the opinion in the above case, and cases there cited, it appears that justice demands a reversal of

the judgment in this case because of the lack of satisfactory evidence of the guilt of the defendant of the offense of murder in the third degree or of any higher degree of unlawful homicide. It is so ordered.

Reversed.

TERRELL, C. J., and WHITFIELD and BROWN, J. J., concur.

ELLIS and STRUM, J., dissent.