CLAYTON THOMAS, *Plaintiff in Error*, VS. THE STATE OF
FLORIDA, *Defendant in Error*.
141 So. 145.
En Banc.
Opinion filed April 26, 1932.
Petition for rehearing denied June 3, 1932.

*Wm. J. Porter*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*,
Assistant, for the State.

PER CURIAM.—Plaintiff in error was tried and convicted
in the Criminal Court of Record of Duval County on an
information charging him with having unlawful carnal
intercourse with the prosecutrix, an unmarried female of
previous chaste character and who was at the time of
such intercourse under the age of eighteen years, · sec.
5409, R. G. S. of 1920, (sec. 7552, C. G. L. of 1927). A
sentence of five years in the State Penitentiary was im-
posed and he seeks relief from that judgment by writ of
error.

It is first contended that the charge of the trial court
was erroneous in that it charged the jury that if they
found from the evidence that Clayton Thomas (the plain-

tiff in error) did on the sixth day of July, 1930, or within two years last prior to the date of the information, which was April 14, 1931, unlawfully have carnal intercourse with one Edna Anderson, an unmarried female of previous chaste character, it would be their duty to find him guilty.

The record discloses that Edna Anderson became eighteen years of age April 4, 1931, ten days prior to the date of the information. This charge was an inaccurate statement of the law in so far as it covered these ten days, but such error as it constituted was harmless because all the evidence points to the commission of the crime condemned by the statute on or about the date charged in the information, to-wit: July 6, 1930. Harmless error is not a ground for reversal. Sec. 2812 R. G. S. of 1920, (Sec. 4499 C. G. L. of 1927).

It is next contended that the previous chaste character of the prosecutrix was not proven.

This court has held that in prosecutions under the statute involved here, the previous chaste character of the prosecutrix is a material element of the offense to be alleged and proven. We think that on consideration of the whole record, this and every other element of the offense charged against plaintiff in error was alleged and proven beyond any question.

Several errors are assigned on the exclusion of evidence tending to show that the prosecutrix was a person of low morals and indulged in free and intimate or loose conduct with men.

This evidence was all properly excluded because it was indefinite as to time and terms and in other respects failed to meet the requirements of the rule for its admission.

The judgment below is accordingly affirmed.

Affirmed.

Buford, C.J., and Whitfield, Ellis and Terrell, J.J., concur.

Davis, J., dissents.

Brown, J., not participating.

Davis, J. (Dissenting).—I think the statute is designed to protect females who are under the age of eighteen years who possess both physical and mental purety. Andre v. State, 5 Iowa 389, 69 Am. Dec. 708. Furthermore the statute as now written is not limited to *females* but applies to chaste *males* under eighteen years of age. See Chapter 8596, Acts of 1921, which amended Section 5409 R. G. S. to protect males as well as females under the age of eighteen years of previous chaste character.

At the trial the defendant produced a girl friend of the prosecutrix who testified that she and the prosecutrix had been out on "petting" parties. The purpose of this evidence was to show that prosecutrix was a frequent participant in "petting" parties and therefore was not of previous chaste character as alleged. The court sustained an objection to a question by counsel for defendant as to what she meant by the words "petting party." The ground of the State's objection was that "petting party" is a term generally understood and needs no explanation. The Court in sustaining the objection thereby refused to let the witness Dorothy Taylor explain what she meant when she said that she and the prosecutrix frequently drank liquor and went out on "petting" parties. I think this was error.

Even though the term "petting party" may have been quite well understood by the Assistant County Solicitor, it may not have been as fully understood by the members of the jury, nor was it possible to translate into a record for this court the knowledge of the Assistant County Solicitor in making of a proper bill of exceptions so that we might have the benefit of it for our review

here on writ of error. See Flores v. State, 72 Fla. 302, 73 Sou. Rep. 234, L. R. A. 1917B.

It seems to me that in these days of "flaming youth" the defendant in cases like this should be accorded the fullest opportunity to show that the prosecuting witness is not "of previous chaste character" as must be alleged and proved to warrant a conviction, and that to unduly restrict that right is error.

I think the judgment should be reversed for this and other errors of like character which in my judgment warrant a new trial.

The main complaint of the prosecuting witness seemed to be that the accused married somebody else and not her as she says he promised. The evidence is probably of such conflicting character that we could not reverse the case for insufficiency in that respect alone, but it is by no means satisfactory in my judgment to conclusively show the pure and chaste character of the prosecutrix so as to render the procedural errors harmless because of clear proof of guilt.

I therefore dissent.