**CLYDE CUMBIE and ALBERT ANDERSON v. STATE OF FLORIDA**

24 So. (2nd) 362                                    June Term 1945
December 21, 1945                                   En Banc
Rehearing denied February 1, 1946

*Woodrow M. Melvin* and *A. L. Johnson,* for appellants.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

PER CURIAM:

Affirmed.

TERRELL, BUFORD, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C. J., BROWN and THOMAS, J. J., dissent.

BROWN, J., dissenting:

The information in this case charged in the first count Clyde Cumbie, Albert Anderson and Girlie Weekley with the offense of grand larceny, in that they did feloniously take, steal and carry away the sum of $360.00, the property of Milledge J. Cox. The second count of the information charged the defendants with having robbed Cox of said sum of money. The third count charged that the defendant Clyde Cumbie robbed Cox of said money, and that the other two defendants were present, aiding and abetting Cumbie in the commission of such offense. Each plead not guilty, and after the evidence was taken and arguments of counsel had, the court very properly instructed the jury to return a verdict of not guilty as to Girlie Weekley. The jury returned a verdict finding the defendants Cumbie and Anderson guilty of grand larceny as charged in the first count. The court adjudged Cumbie guilty of said offense and imposed a penitentiary sentence, and also adjudged defendant Anderson guilty, but placed him upon probation. The defendants timely filed their motion for a new trial, which was denied by the court. Thereupon this appeal was taken. The reversal of the judgments and sentences imposed against the defendants is sought upon the ground that the evidence was insufficient to justify the jury's verdict. The trial judge must have had some doubts as to the guilt of appellant Anderson, as he put him upon probation instead of sentencing him to the penitentiary.

The prosecuting witness Cox, and the appellants Cumbie and Anderson were on an automobile ride in Anderson's car, which ended up in a drunken debauch which lasted all of the afternoon and into the night, during which period the car got

bogged down in a mire. The evidence shows conclusively that all three of these parties were thoroughly intoxicated, which no doubt resulted in the very peculiar, conflicting and inconclusive testimony reflected in this record. It does appear by Cumbie's own testimony that after this debauch he was in possession of at least $150.00, which was identified as having belonged to Cox, but which Cumbie claimed he had won from Cox in a crap game by the road side after the car bogged down. It also appeared that after his debauch the prosecuting witness Cox was in possession of a wrist watch which belonged to appellant Anderson.

In the case of Lowe v. the State, 154 Fla. 730, 19 So. (2nd) 106, this court, speaking through Chief Justice CHAPMAN, said:

"We have held in many cases that if, after a full and careful consideration of the entire record the ends of justice will be best subserved in granting a new trial because of the inconclusiveness of the testimony offered to establish the essential facts necessary to constitute the crime, then, and under these conditions and circumstances, it becomes the duty of the Court to reverse the cause for a new trial."

See also in this connection Fabal v. State, 104 Fla. 293, 139 So. 829 and Redmon et al. v. State, 142 Fla. 206, 194 So. 483.

Applying these principles to this case, my conclusion is that the ends of justice would be best subserved by a reversal of the judgment with instructions to grant the motion for a new trial.

CHAPMAN, C. J., and THOMAS, J., concur.