KANNER, Chief Judge.
The appellant in this case, contending that the evidence did not sustain the charge under which he was convicted, offers two bases of error for reversal of his conviction of the offense of attempted unlawful carnal intercourse with an unmarried female under the age of eighteen of previous chaste character.
There are four material elements that compose the criminal offense of having unlawful carnal intercourse with an unmarried person of previous chaste character under the age of eighteen years; (1) unlawful carnal intercourse, (2) that the person be unmarried at the time of the carnal intercourse, (3) that the person be of previous chaste character, and (4) that the *38 person be under the age of eighteen years. See section 794.05, Florida Statutes, F.S.A.; State v. Bowden, 154 Fla. 511, 18 So.2d 478; and Lowe v. State, 154 Fla. 730, 19 So.2d 106.
From the statute governing attempts to commit criminal offenses and the statute making it unlawful to have carnal intercourse with a person of previous chaste character under the age of eighteen years, attempt to have such intercourse is a crime. See section 776.04, (2) Florida Statutes, F.S.A.; and Alford v. State, 132 Fla. 624, 181 So. 839.
The first basis of error cited by the appellant contends that previous chastity of the alleged victim was not sufficiently established. Save for the purpose of showing the background of the testimony concerning previous chaste character as it throws light on the second basis of error, we will concern ourselves only with the second basis of error relating to the exclusion of testimony about a specific instance tending to show unchaste character on the part of the girl involved.
The State relies chiefly, as a basis for the girl’s prior chastity, on the testimony of a doctor doing residency training in obstetrics and gynecology at a Tampa hospital, who examined the girl following the incident here involved and gave opinion testimony that her virginity was at the time intact. The girl herself did not testify.
Defense testimony concerning the girl’s prior chastity was given by the mother of the girl, wife of the appellant, who testified as to an instance wherein she found her daughter in bed with a soldier, examined her, and found evidence of unchaste conduct. Another defense witness, neighbor of the parties concerned, testified that the general reputation of the girl for virtue, for gdod morals in the neighborhood was “bad”.. The defense then further attempted to question this witness concerning a specific act;which he had witnessed evidencing unchaétity on the part of the girl. This testimony, which was excluded from the jury, related to an instance wherein the witness called at the home of the parties concerned, found the front door closed, the mother and step-father absent from home, entered the house without knocking, and saw the girl covered up in bed with a man with whom this witness was also acquainted, who, in fact, went into the navy with his own son. He fixed the place, he fixed the time of the incident, and that the incident occurred prior to the act here charged against the appellant.
In an unlawful intercourse case, Dallas v. State, 76 Fla. 358, 79 So. 690, 3 A.L.R. 1457, the Superme Court, speaking of “previous chaste character”, had this to say:
“Where, as in this case, the previous chaste character of the prosecutrix is a material fact to be proven beyond a reasonable doubt, it is proper for the defendant, when the state has met the requirement, to introduce evidence that the prosecutrix had, prior to the alleged act of carnal intercourse with the defendant associated with persons of low morals, conducted herself in a free and intimate manner with men, or permitted them to take liberties with her.”
And in the same case there were certain assignments of error relating to the refusal of the trial judge to permit the defendant to introduce testimony to prove acts on the part of the prosecuting witness that would tend to show lack of chastity or affect her character for chastity. The Court then said:
“ * * * The questions which form the basis of the eighth and ninth assignments were:
“ ‘Q. Have you ever seen this girl in any act of familiarity with any man in the last six months?’ ‘Q. Have you seen this girl Sallie France sitting in the lap of any man during February or March of this year?’
*39 “The last question is in the assignment of errors, but is not in the bill of exceptions, and therefore it cannot be considered by this court except as indicating what should be done on another trial if this evidence should be offered.
“The prosecutrix testified to her previous chaste character, and the testimony sought to be adduced by these questions was proper as tending to show a lack of chastity on her part, or as affecting her character for chastity.”
So the act of being alone in a house covered up in bed with a man was material evidence and should have been admitted as part of appellant’s defense to be considered in establishing lack of prior chastity. This witness had no kinship to the parties involved as did the mother of the girl, wife of the appellant, who testified as to a similar incident. The act he sought to testify to was one which he personally witnessed and which could definitely affect the girl’s previous chastity.
Previous chaste character as contemplated by the statute cannot be presumed and must be proved beyond and to the exclusion of every reasonable doubt. The only basis upon which the appellant here sought to defend himself was lack of previous chastity of the girl, and the excluded testimony could have been crucial. But whether or not the jury might have been affected by it, the appellant had a right to present all relevant testimony which would bear on the girl’s previous chastity, and the jury had a right to be apprised of it for weighing and evaluating as to worth and reliability.
Judgment of trial court is reversed for new trial.
PLEUS and ALLEN, JJ., concur.