STATE OF WEST VIRGINIA

*v.*

CLENNA HIGGINBOTHAM

(No. 12101)

Submitted September 19, 1961. Decided November 14, 1961

*D. Boone Dawson,* for plaintiff in error.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for defendant in error.

HAYMOND, PRESIDENT:

At the April Term, 1960, of the Intermediate Court of Kanawha County, the defendant Clenna Higginbotham was indicted for the crime of attempt to commit statutory rape upon Sharon Kay Whitten, a female child under the age of sixteen years. The indictment charged that the defendant, a male person over the age of sixteen years, in December 1959, in Kanawha County, in and upon one Sharon Kay Whitten, a female child, not his wife, under the age of sixteen years and of previous chaste character, did feloniously make an assault and her, the said Sharon Kay Whitten, then and there did attempt to feloniously and carnally know, against the peace and dignity of the State.

To the indictment the defendant entered his plea of not guilty and upon the trial, the jury, by its verdict rendered May 20, 1960, found the defendant guilty of the offense of attempt to commit rape as charged in the indictment. The defendant moved the intermediate court to set aside the verdict and grant him a new trial because the verdict was contrary to the law and the evidence and was without evidence to support it, and because the State failed to prove that the prosecutrix was of previous chaste character. By order entered June 15, 1960, the intermediate court overruled

the foregoing motion and committed the defendant to the Board of Control of this State for pre-sentence examination as provided by Article 6-a, Chapter 27, Code, 1931, as amended by Chapter 43, Acts of the Legislature, 1957, Regular Session, but no judgment sentencing the defendant to confinement in the penitentiary has been entered in the case. The Circuit Court of Kanawha County, by order entered November 17, 1960, denied the petition of the defendant for a writ of error and supersedeas to the judgment of the intermediate court. To that judgment of the circuit court this Court granted this writ of error and supersedeas on March 20, 1961, upon the application of the defendant.

The defendant, a man sixty years of age, owns a house located near Dunbar, in Kanawha County, which he had rented since 1953 to the parents of the prosecutrix, a little girl of nine years of age, who lives there with her parents and her three brothers and her four sisters. The parents became delinquent for several months in the payment of rent and the defendant made frequent visits to the house, usually on Saturday or Sunday, for the purpose of collecting the unpaid rent. The defendant, who lives in Charleston, traveled by bus, and because of the infrequent bus service in that area he usually remained at the house for two or three hours before obtaining a bus to return to Charleston. On such occasions he waited in the basement which, though usable, was not directly connected with the house but was accessible from an outside entrance.

The principal evidence upon which the State relies consists of the testimony of the prosecutrix. She testified, in substance, that during the summer of 1959 her mother told her to go to the basement to bring the other children to their lunch; that after the children left the defendant asked her to remain, locked the door, stood her on a stool, pulled up her dress, pulled down her pants and his pants, and had sexual intercourse with her; that she and the defendant were alone in the basement for about fifteen minutes when one of

the children knocked on the basement door; that the defendant told her not to tell her mother what had happened, but that she did tell her mother about two days later; that in December 1959 when she was again alone in the basement with the defendant he had intercourse with her a second time in the same manner; that sometime later she also told a Mrs. St. Clair, who operated a nearby grocery store, of those acts of the defendant.

The prosecutrix also testified that about a year before the defendant had intercourse with her the first time, she had intercourse with a thirteen year old boy in a cabin in which the children played in the neighborhood of her home; and that her younger sister, Debbie, seven years old, had intercouse with a boy sixteen years of age; that she told her mother about their relations with the boys; and that her mother had forbidden the boys to associate with the girls or to come to their home.

On January 30, 1960, the prosecutrix, who at the time had not been in the basement with the defendant but who knew that he was there, went to the grocery store and told Mrs. St. Clair that the defendant was in the basement, as she had previously promised to do. After being informed of the presence of the defendant Mrs. St. Clair called the prosecuting attorney's office by telephone and in answer to her telephone call an assistant prosecuting attorney, an investigator from that office, and a member of the department of public safety came to the store and, after talking to the prosecutrix and Mrs. St. Clair, they went to the home of the prosecutrix, where the member of the department of public safety placed the defendant under arrest.

Following the arrest of the defendant the prosecutrix, by direction of the prosecuting attorney, was given a physical examination by a Charleston physician on February 8, 1960. The physician did not testify as a witness but his written report to the prosecuting

attorney of his examination of the prosecutrix was introduced in evidence by stipulation of counsel. The report dated February 8, 1960, contains these statements: "SHARON WHITTEN—Examination of this nine year old white female child with particular reference to the vaginal area reveals no evidence of tissue damage. The hymenal ring appeared intact. At this time there was no evidence of any tissue irritation. There was no unusual vaginal discharge. Rectal examination was done and revealed normal pelvic structures for a nine year old female child. Impression: Intact hymenal ring with no evidence of vaginal penetration and no evidence of tissue irritation about the vagina at this time."

The only testimony in behalf of the defendant was that given by the defendant himself. Though he admitted his presence on numerous occasions in the basement with the prosecutrix and other children and that he frequently bought candy for some of them, he completely and emphatically denied that he had engaged in any of the sexual acts of which he was accused and as to which the prosecutrix had testified.

Though not presented by the assignments of error or in any of the briefs of counsel, the jurisdictional question whether the order entered by the intermediate court on June 15, 1960, committing the custody of the defendant to the State Board of Control for presentence examination, that court having rendered no judgment sentencing the defendant to confinement in the penitentiary, is an appealable order, was raised in conference by some of the judges of this Court.

The only appeal expressly provided by Article 6-a, Chapter 27, Code, 1931, as amended by Chapter 43, Acts of the Legislature, 1957, Regular Session, is that provided by Section 16 of that statute, which contains this provision: "If under the provisions of this article the court affirms an order of the board of control, the person whose liberty is involved may appeal to the proper appellate court for a reversal or modification

of the order." As the record does not disclose any order of the board of control the provision just quoted has no present application.

Section 1, Article 4, Chapter 58, Code, 1931, to the extent here pertinent, provides that an appeal from, or a writ of error or supersedeas to, any judgment, decree or order of any court of record of limited jurisdiction may be awarded by the circuit court in any instance where, if such judgment, decree or order had been rendered in the circuit court, an appeal, a writ of error or supersedeas might be obtained from the supreme court of appeals, under the provisions of Section 1, Article 5, of the same chapter of the code. That section provides, in part, that "A party to a controversy in any circuit court may obtain from the supreme court of appeals, * * *, an appeal from, or a writ of error or supersedeas to, a judgment, decree or order of such circuit court in the following cases: * * * (f) In any case involving freedom or the constitutionality of a law;".

Under the foregoing two sections of the statute the order of the intermediate court committing the custody of the defendant to the board of control, which will necessarily continue until modified or terminated by the court which ordered the commitment, is an order in a case which involves the freedom of the defendant, and for that reason is an appealable order. That being so, the defendant was entitled to seek a writ of error to the circuit court and to this Court, and this case is properly before this Court for decision upon this writ of error.

The grounds in support of the assignments of error of the defendant are (1) that the State failed to prove the essential fact that the prosecutrix was a female of previous chaste character; and (2) that the verdict was contrary to the law and the evidence and was without sufficient evidence to support it.

The law is well settled in this jurisdiction that an essential element of the crime of statutory rape is that

the prosecutrix was of previous chaste character at the time of the commission of the offense. In defining the crime of statutory rape, Section 15, Article 2, Chapter 61, Code, 1931, expressly provides that "if any male person over the age of sixteen years carnally know a female person of previous chaste character, not his wife, under that age, he shall be guilty of a felony, * * * ." Thus the statute makes the previous chaste character of the female an essential element of that offense.

In *State ex rel. Cain v. Skeen,* 137 W. Va. 806, 74 S.E. 2d 413, a proceeding in habeas corpus, quoting point 2 of the syllabus in *State v. Ray,* 122 W. Va. 39, 7 S.E. 2d 654, this Court held that "An indictment for statutory rape as defined by Code, 61-2-15, which fails to allege that the prosecutrix was of previous chaste character and that the accused is over sixteen years of age, is defective, notwithstanding the same was drawn in conformity with the form set forth in Code, 62-9-7." The opinion in the *Cain* case contains this language: "The Legislature of this State has very properly exercised its prerogative to create a new crime separate and apart from the common law crime of rape involving sexual relationship between the opposite sexes under certain circumstances, specifically set out in Code, 61-2-15. If the female person is over the age of sixteen years, or, being under that age, is not of previous chaste character, or, if she be the wife of the accused, this offense cannot be chargeable to the male person, though he does have sexual relations with the female. Those certainly are essential elements of the crime."

In *State v. Ray,* 122 W. Va. 39, 7 S.E. 2d 654, this Court said: "That the female is a person of previous chaste character is an element necessary to the offense of statutory rape. The legislature and revisors of the official Code, 1931, so intended; otherwise, these words would not have been incorporated in the statute. If the female is a person not of previous chaste character and consent is given, the act of carnal knowledge does

not constitute rape, either at common law or by virtue of the statute. Though it has been held that the chastity of the female is to be presumed and need not be alleged or proved, we believe the contrary rule sound. See *Dallas v. State,* 76 Fla. 358, 79 So. 690, 3 A.L.R. 1457, and note at 1462.''

The previous chaste character of the female under the age of sixteen years, being an essential element of the offense of statutory rape, must be established beyond a reasonable doubt in order to convict the accused of the commission of that offense. See *Lowe v. State,* 154 Fla. 730, 19 So. 2d 106; and *Ward v. State,* 149 Fla. 107, 5 So. 2d 59.

In *Lowe v. State,* 154 Fla. 730, 19 So. 2d 106, considering a criminal statute, relating to the crime of statutory rape, similar to the foregoing statute of this State, the court held that ''The essential elements of this statutory crime are, viz.: (1) Carnal intercourse; (2) the person must be unmarried at the time of the intercourse; (3) the person must be of previous chaste character; and (4) the person must be under 18 years of age at the time of the unlawful intercourse.'' In *Ward v. State,* 149 Fla. 107, 5 So. 2d 59, the same court held that in a prosecution for having sexual intercourse with an unmarried female under eighteen years of age of previous chaste character, the previous chaste character of the female is a material matter and that the burden is on the state to establish the condition of previous chaste character to the exclusion of every reasonable doubt.

Section 8, Article 11, Chapter 61, Code, 1931, provides, in part, that ''Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows: If the offense attempted be punishable with death, the person making such attempt shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than five years.'' As the crime

of statutory rape is punishable with death, an attempt to commit statutory rape, for which the defendant was indicted, is a felony punishable with confinement in the penitentiary for a period of not less than one year nor more than five years. See *State v. Tippens and Medley,* 91 W. Va. 504, 113 S.E. 751. Under an indictment for statutory rape the defendant may be convicted of an attempt to commit that offense and such attempt is included in, or is a part of the offense of statutory rape. In consequence in a prosecution for the crime of an attempt to commit statutory rape, the previous chaste character of the prosecutrix is an essential element of the offense charged in the indictment and must be alleged and proved beyond a reasonable doubt as must be done in a prosecution for statutory rape. See *State v. Collins,* 108 W. Va. 98, 150 S.E. 369; *State v. Franklin,* 139 W. Va. 43, 79 S.E. 2d 692.

The requirement is fundamental that to sustain a conviction in a criminal prosecution every essential element of the crime must be established by competent proof beyond a reasonable doubt. See *State v. Morris,* 142 W. Va. 303, 95 S.E. 2d 401. In that case this Court said "When the verdict of a jury is wholly without evidence on a point essential to a finding, or the evidence is plainly insufficient to warrant such finding by the jury, such verdict should be set aside and a new trial should be awarded. *State v. Hurst,* 93 W. Va. 222, 116 S.E. 248; *Vintroux v. Simms,* 45 W. Va. 548, 31 S.E. 941." See also *State v. Craig,* 131 W. Va. 714, 51 S.E. 2d 283; *State v. Roush,* 95 W. Va. 132, 120 S.E. 304.

Though this Court has not defined or interpreted the expression "of previous chaste character," that expression, in statutes relating to rape and seduction, has been dealt with and its meaning declared by the courts in other jurisdictions. In *Lowe v. State,* 154 Fla. 730, 19 So. 2d 106, the court held that the clause "previous chaste character", as used in a statute making it an offense for a person to have carnal intercourse with an unmarried female of previous chaste character

under eighteen years of age, means that the prosecutrix had never sustained illict relations with any one prior to the alleged offense with the defendant. In *State v. Holter,* 32 S. D. 43, 142 N. W. 657, 46 L.R.A. (N.S.) 376, in interpreting a statute defining the offense of seduction the court said: "The clause 'of previous chaste character' does not mean purity of mind, nor purity of heart, but merely purity of body; i.e., that the prosecutrix has never sustained illict relations with any one prior to the alleged offense of the defendant." In *Butts v. State,* 12 Okla. Cr. 391, 157 P. 704, the court said that a female of previous chaste character is one who has not had sexual intercourse unlawfully, out of wedlock, knowingly and voluntarily. In *Hatton v. State,* 92 Miss. 651, 46 So. 708, the court said that the expression "of previous chaste character," in connection with a charge of seduction, means what a woman really is and not what she is reputed to be; and that it means "actual personal virtue, in distinction from good reputation, and therefore a single act of illict connection may be shown." The opinion also contains this statement: "The subsequent sexual intercourse between the parties, brought about by the repetition of the same promise, cannot be deemed seduction, where, under the statutory definition of that crime, it is necessary that the female shall be of previous chaste character."

It is difficult, perhaps impossible, to define completely or to express comprehensively and for all purposes the meaning of the phrase "of previous chaste character." It is not necessary to do so in the decision of this case for if the prosecutrix, an unmarried nine year old female, prior to the time of the alleged offense, had engaged in sexual relations with a male person other than the accused she is not a person of previous chaste character and the act of the accused in having or in attempting to have sexual intercouse with her does not constitute the crime of statutory rape or the crime of an attempt to commit statutory rape. The voluntary testimony of the prosecutrix was that several

months before the accused had sexual relations with her she had sexual intercourse with a thirteen year old boy. This evidence is not directly denied and can not be ignored or disregarded. The report of the physician who examined the prosecutrix several weeks after her last act of sexual intercourse with the accused relates only to the condition of her sexual organs at the time of the examination. It states that the examination of the physician revealed no evidence of tissue damage, that the hymenal ring appeared to be intact, and that at that time there was no evidence of any tissue irritation and there was no unusual vaginal discharge. Those facts and the "impression" of the physician concerning them do not controvert or disprove the testimony of the prosecutrix relating to her previous act of sexual intercourse for the reason that an act of sexual intercourse sufficient to constitute the crime of rape may occur without penetration of the female genital organ by the male genital organ which causes a rupture of the hymen of the female. In *State v. Brady,* 104 W. Va. 523, 140 S.E. 546, this Court held in point 8 of the syllabus that "To constitute the crime of rape, there must be some degree of penetration of the female genital organ by the male genital organ, but any penetration, however slight, of the labia or external lips of the vulva of the female is all that is necessary. The hymen need not be ruptured to sustain a conviction for rape." Whether the prosecutrix was, or was not, in fact, a female of previous chaste character at the time of the alleged offense need not be and is not now determined, but however that may be the evidence disclosed by the record in this case does not affirmatively show that she was at the time of the alleged offense a female of previous chaste character.

Inasmuch as the State has failed to satisfy the burden of establishing by competent evidence beyond a reasonable doubt that the prosecutrix at the time of the commission of the alleged offense was a female of previous chaste character, the conviction of the defendant of the crime of an attempt to commit statutory

rape can not stand and the verdict of guilty returned by the jury must be set aside.

In view of the failure of the State to prove the previous chaste character of the prosecutrix beyond a reasonable doubt, it is unnecessary to consider the question of the sufficiency of the proof to sustain the contention of the State that the defendant committed, or attempted to commit, the sexual act alleged in the indictment.

The judgment of the Intermediate Court of Kanawha County, rendered June 15, 1960, committing the custody of the defendant to the State Board of Control, is reversed, the verdict of the jury is set aside, and this proceeding is remanded to that court for a new trial, which is here awarded the defendant.

*Judgment reversed,*
*verdict set aside,*
*new trial awarded.*