McNULTY, Judge
(concurring specially)-
First of all, I am of the view that the state established a prima facie case, though barely. But, while “all the bases” were lightly “touched”, I am never-the-less of the view that the evidence is so weak and so susceptible of doubt that another jury ought to look it over. The complaining *542 witness’ dubious character and her subsequent and immediate socializing with the defendant, coupled with the lack of corroboration of her relevant testimony, clothe the entire picture with a scarlet cloak of incredulity. In the interest of justice and fairness I would pursue the same course as our Supreme Court in Lowe v. State (1944), 154 Fla. 730, 19 So.2d 106; Skiff v. State (1932), 107 Fla. 90, 144 So. 323 and Fuller v. State (1926), 92 Fla. 873, 110 So. 528,[1] and cause the matter to be retried.

. The same course was pursued by this court in Sosa v. Maxwell (Fla.App.1970), 234 So.2d 690 and in Johnson v. State (Fla.App.1960), 118 So.2d 806.