322 So.2d 587 (1975)
Robert Paul GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 74-905.
District Court of Appeal of Florida, Fourth District.
November 28, 1975.
Warner S. Olds, Public Defender, and William W. Herring, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Robert Paul Griffin, appeals a judgment of conviction and imposition of sentence for the offense of statutory rape, in violation of Section 794.05, Florida Statutes 1973. Various issues are raised by the defendant on appeal, but one is dispositive. Did the trial court err *588 in adjudging the defendant guilty of statutory rape under Section 794.05, Florida Statutes 1973, when the information charged the defendant with common law rape in violation of Section 794.01, Florida Statutes 1973.
It is a fundamental right of a person called upon to respond to criminal charges to be notified by the accusatory pleading of all offenses for which he may be convicted in the proceeding. Fla. Const. art. II, § 16. Nevertheless, by procedural rule and case construction thereof a defendant under a criminal charge may be convicted of any crime which is "necessarily included" in the offense charged or which is included within the allegations of the accusatory pleading and shown by the proofs. Rule 3.510 Fla.RCrP 1973; and Brown v. State, 206 So.2d 377 (Fla. 1968).
A necessarily included offense is one which is of necessity proved by proof of another offense. Brown v. State, supra. The state concedes, and we agree that the offense of statutory rape as proscribed by Section 794.05, Florida Statutes 1973, is not necessarily included within the offense of common law rape proscribed by Section 794.01(2), Florida Statutes 1973. The state contends, however, that the offense for which the defendant was convicted, statutory rape, was an included offense for which the defendant could be convicted under the information because the elements of statutory rape were alleged in the information and were shown by the evidence. In pertinent part the information alleged that the defendant did "unlawfully and feloniously ravish and carnally know (name of person) a female of previous chaste character and of the age of fifteen (15) years at the time of the offense, by force and against her will, contrary to F.S. 794.01(2)."
The essential elements of statutory rape are (1) carnal intercourse, (2) the person with whom such intercourse was had was unmarried at the time thereof, (3) the person with whom such intercourse was had was of previous chaste character, and (4) the person with whom such intercourse was had was under the age of eighteen years at the time of the intercourse alleged. Lowe v. State, 154 Fla. 730, 19 So.2d 106 (1944); State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944). An examination of the information indicates that one of the essential elements of statutory rape, to-wit, the person with whom the carnal intercourse was had was unmarried at the time thereof, is absent. For this reason, we conclude that the trial court erred in adjudging the defendant guilty of statutory rape in violation of Section 794.05, Florida Statutes 1973, under the averments of the aforesaid information.
Accordingly, the judgment and sentence is vacated and set aside, and the cause remanded to the trial court to discharge the defendant.
OWEN, J., and WOODSON, J. WILLIAM, Associate Judge, concur.