262 So.2d 9 (1972)
Thomas SOLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 71-300.
District Court of Appeal of Florida, Second District.
May 12, 1972.
*10 Walter R. Talley, Public Defender, Edwin T. Mulock, Asst. Public Defender and Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
Thomas Solis appeals his conviction for unlawfully assaulting a female child, to-wit: his daughter who was then and there eleven years of age, while attempting a sexual act upon her. We reverse.
Appellant raises four points on appeal only one of which need be discussed since it is dispositive. This point relates to a motion for new trial which was timely filed but not ruled upon until after the judgment and sentence. The principal allegation relied upon in the motion was that the eleven year old victim lied at trial and admitted thereafter that she lied. A hearing was held on this issue and the little girl admitted that she in fact did lie at trial, although even this latter testimony was somewhat impeached. The trial judge, apparently assuming that his function at such hearing was to determine the truth vel non of her recanting testimony, found that she was then and there telling a lie and had theretofore told the truth at trial. Herein lies the error.
Initially we say that even if it be said after-discovered perjury may not be the basis of a collateral attack in a criminal case, e.g., to support a writ of error coram nobis,[1] nevertheless we are of the view that it is an abuse of discretion to deny a motion for new trial, which is a direct attack, when it is apparent to the trial judge at a hearing thereon that the sole material prosecution witness told under oath two conflicting stories relating to guilt, one at trial and the other thereafter. It is not within the province of the trial *11 judge at that juncture to determine on which of the two occasions the witness was telling the truth.[2] To do so would be preempting the function of a trial jury. Stated otherwise, the controlling point is that it cannot be said, as a matter of law, that a jury had to believe the first testimony and could not, as the trial judge undertook to do, believe the second if it were before them, or consider it at all as it might bear on a possible reasonable doubt concerning the truth of the first.
Additionally, here, it is apparent that appellant and his family are Spanish-speaking, migrant workers with little if any education, and all have considerable difficulty with the English language. This is particularly evident as to the minor complainant. Moreover, her testimony was virtually uncorroborated. So to begin with, the trial of the case was fraught with language and probative difficulties. Withal, we think the state's case is inconclusive even though it "touched all the bases" and made a prima facie showing. Accordingly, this case falls, we think, within the purview of those cases[3] wherein, considering all, the interests of justice require that a new trial be had and another jury review the evidence. Especially ought this be done here in the new light of apparent perjured testimony as discussed earlier.
The judgment of conviction and sentence are hereby reversed and the appellant is awarded a new trial.
PIERCE, C.J., and LILES, J., concur.
NOTES
[1] See, e.g., 7 Fla.Jur., Coram Nobis, § 15 at p. 311, 312.
[2] See, e.g., O'Brien v. State (Fla.App. 1968), 206 So.2d 217.
[3] See, e.g., Lowe v. State (1944), 154 Fla. 730, 19 So.2d 106; Garner v. State (1938), 134 Fla. 252, 183 So. 739; and Fuller v. State (1926), 92 Fla. 873, 110 So. 528.