RAWLS, Judge.
Appellant appeals from a judgment of conviction of sexual battery upon a person 11 years of age or under.[1] The only issue posed by appellant that merits our consideration is whether the trial court erred in not granting a new trial upon the proffer of newly discovered evidence.
The basic facts are: At trial, the victim, a minor female child under the age of 11 years, testified as to appellant’s repeated sexual attacks upon her. Subsequent to appellant’s conviction, affidavits of the minor victim and her mother,[2] recanting the trial testimony of the victim,[3] were submitted to the trial court at a hearing upon appellant’s motion for new trial. After being advised that the two affiants had been subpoenaed but not served, the trial court stated, “I’m only interested in testimony of the witnesses.”, and postponed the hearing until .the witnesses could be present for a full evidentiary hearing. Some eight days later, a full evidentiary hearing on the motion for new trial was afforded by the trial court. At this hearing, the minor child recanted her statement, giving as the primary reason for making same, viz: “Because I knew he was in jail and I didn’t want him to stay in jail that long, so I told my mother.
“. . . Butterball [appellant’s father] was talking to me and told me to tell them that he didn’t do it.”
The minor child’s unequivocal testimony at this hearing was that she told the truth about appellant’s sexual assaults at the trial.
Citing Lowe v. State, 154 Fla. 730, 19 So.2d 106 (1944), appellant contends that the trial court, upon being presented with the affidavits, should have granted a new trial. We do not so read Lowe. By reciting the extensive “I don’t remember” testimony of the prosecutrix, the Supreme Court decided that an affidavit of a witness, who had not previously testified, was adequate to require that a new trial be granted. In the instant case, the witness testified in great detail at a trial in which the same trial judge presided at the hearing on the motion for new trial.
*77 Bell v. State, 90 So.2d 704 (Fla.1956), controls. The Bell court, in extracting the following statement from Henderson v. State, 135 Fla. 548, 185 So. 625, 630 (1938), very clearly stated the applicable rule as:
“ ‘ “A material error or misstatement in the testimony of a witness for the prosecution may constitute ground for a new trial. Where therefore it appears, that, on a new trial, the witness will change his testimony to such an extent as to render probable a different verdict, the new trial will be granted. But recantation by witnesses called on behalf of the prosecution does not necessarily entitle defendant to a new trial. The question whether a new trial shall be granted on this ground depends on all the circumstances of the case, including the testimony of the witnesses submitted on the motion for new trial. Moreover, recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. Especially is this true where the recantation involved a confession of perjury * * *[1]
Appellant relies strongly upon the opinion of the Second District Court of Appeal in Solis v. State, 262 So.2d 9, 11 (Fla.2nd DCA 1972), which states, in part:
“It is not within the province of the trial judge at that juncture to determine on which of the two occasions the witness was telling the truth. To do so would be preempting the function of a trial jury.
To any extent that Solis conflicts with our holding, we decline to follow Solis. Here, the minor victim testified unequivocally at trial as to her suffering the acts of sexual molestation on appellant’s part. Her testimony recanting the affidavit given after appellant’s conviction contained clear and logical reasons for making the written statements. The trial judge is commended for postponing the hearing until this key witness’ testimony could be received rather than relying upon a cold written statement. The trial court properly exercised its responsibilities in denying the motion for new trial.
AFFIRMED.
McCORD, C. J., and BOYER, J., concur.

. Appellant was over the age of 18 years at the time of the offense.

. The mother’s affidavit contained statements made by her daughter to her which were made after the conviction.

. The substance of the victim’s statement was:
“. . . I, now admit, that Lloyd D. Weston, Jr., never at all ever, during the time that I have known him, has touched me in any sexual way, has never had intercourse with me, has never had sex with me in any way, shape or form, and the only reason that I testified that he did was that he and my mother had frequent fights, and I was afraid of Lloyd D. Weston, Jr., and wanted him to move out of my house.