**CIRCUIT COURT OF THE CITY OF NORFOLK**

Michele Slowey

v.

Robert Epstein et al.

December 27, 1983

Case No. (Law) L81-504

By JUDGE EDWARD L. RYAN, JR.

This matter is currently before the court on defendants' motion for a new trial based on newly discovered evidence.

Defendant averred that Mack Craig, a material witness for plaintiff on several vital issues at trial, made voluntary, post-trial, unsworn statements to two persons that he had perjured himself during the taking of evidence. Craig at the new trial hearing admitted these allegations but explained that he had been motivated by pique and was merely trying to damage the plaintiff, who was suspected of being an unfaithful girlfriend. Craig then said he had told the truth at trial and that his post-trial statements were fabrications. So we match two sworn statements against two unsworn statements and must enter into consideration of witness recantations. Actually, this is a recantation/recantation matter.

It is unquestioned that a new trial will be granted when proof of perjury is *satisfactorily established* and is material and probably influenced the jury in finding their verdict. 58 Am. Jur. 2d, *New Trial*, § 175. A new trial was granted in *Ind. Cab Assoc.* v. *La Touche*, 197 Va. 367 (1955), where the perjury was absolutely established. And this is true where the recanting witness admits the perjury. *Martin* v. *U.S.*, 17 F.2d 973 (5th Cir.),

*cert. den.* 275 U.S. 527 (1927). But recantation of testimony, in any case, is ordinarily unreliable and should be subjected to the closest scrutiny (*Taylor* v. *Ross*, 83 N.E.2d 222 (Ohio 1948)) and such testimony is looked upon with utmost suspicion and to support a new trial the court must be reasonably well satisfied that the testimony was false (*United States* v. *Troche*, 213 F.2d 401 (2d Cir. 1954)). See also in this connection *Holmes* v. *Comm.*, 156 Va. 963 (1931), citing with approval from 20 R.C.L. 308, 969, "all such evidence should be scrutinized with the greatest care and caution." In a review of the old rule and the modern rule the Virginia court has said the following:

> The modern rule is not so strict. By the preponderance of authority it seems to be sufficient if the court has evidence before it which establishes the existence of the evidence relied on to show the perjury or mistake, in such a *clear* and *convincing* manner as *to leave no room for doubt* as to the existence of the evidence so relied on, and the court is *satisfied* that the evidence is not collusive, that it seems to be true, and ought, if true, to produce on another trial an opposite result on the merits. (Italics added.) *Powell* v. *Comm.*, 133 Va. 741 (1922).

There is extant case law on the recantation/recantation situation, where the witness recants and then recants under oath the first recantation. And the decided cases are of like import in denying a new trial under such circumstances.

In our own jurisdiction the facts and the principles followed in *Lewis* v. *Comm.*, 193 Va. 612 (1952), are strikingly similar to the case in judgment. The attack on Mack Craig is totally similar to the attack on Kiley, being merely attacks on the credibility of the two witnesses. In *Lewis* the first recantation was later recanted and a new trial was denied.

In *Weston* v. *State*, 351 So. 2d 75 (Fla. 1977), the motion for new trial was denied where the witness-victim at the evidentiary hearing on the new trial motion, recant-

ed the written affidavit of the first recantation and stated it was made because she did not want the defendant to stay in jail, and because the defendant's father had told her to say that defendant was not guilty. To same effect see *Mollica* v. *State*, 374 So. 2d 1022 (Fla. 1979).

In *People* v. *Ellison*, 411 N.E.2d 350 (Ill. 1980), a new trial was denied where the rape victim recanted her first recantation and explained that she had been accompanied by defendant's mother who had bribed her and also explained she was fatigued and frustrated at a second hearing of motion for new trial.

In the case in judgment this court cannot say that evidence before it meets the *clear* and *convincing* test of *Powell* and that there is no room left for doubt as to the alleged perjury of Mack Craig. Also, there is sufficient evidence, other than that of Craig, to support the verdict in favor of plaintiff, thus making Craig's testimony merely "cumulative" or "corroborative," and hence failing to meet test three of the Virginia rule governing newly discovered evidence.

It follows that defendant's motion for a new trial should be denied.