451 So.2d 497 (1984)
Gregory D. ROLLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 83-1990.
District Court of Appeal of Florida, Fourth District.
April 25, 1984.
Rehearing Denied June 27, 1984.
*498 William G. Crawford, Jr. of Hodges, Gossett, McDonald, Gossett & Crawford, P.A., Hollywood, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for respondent.
ANSTEAD, Chief Judge.
At issue is whether petitioner's allegations of newly discovered evidence in his petition for leave to file a petition for writ of error coram nobis are sufficient to require a trial court hearing on the merits. While not passing on the merits, we must decide whether to authorize the trial court to determine, on the basis of evidence as to the allegations made in the petition, whether the petitioner's criminal conviction should be set aside and a new trial conducted.
For purposes of considering the petition we must take the allegations of petitioner as true. Those allegations recite that, subsequent to the petitioner's trial and conviction for murder, the chief prosecution witness for the state made a statement to a third party admitting that the petitioner did not commit the crime and that he, the witness, committed the crime. The petition does not allege that the prosecution witness' testimony was the only evidence used against petitioner, or that the prosecution witness himself now concedes that he lied in the prior trial. Instead the petition relies on the deposition of the third party to whom the witness allegedly admitted his own guilt.
In general, a petition for leave to file a writ of error coram nobis should be granted only if the allegations of newly discovered matters, if taken as true, would have prevented the entry of judgment against the defendant if known before judgment was entered. Riley v. State, 433 So.2d 976 (Fla. 1983). While this standard seems narrow, it represents a liberalization from the showing that was once necessary to grant the petition. In Humphreys v. State, 129 Wash. 309, 224 P. 937 (1924), the Washington Supreme Court held that a petition would never be granted merely on the basis of newly discovered evidence
relevant exclusively to the actual merits of the controversy tried and decided by the judgment, however conclusive such evidence may seem to be that the judgment was wrong upon the merits... .
In fact, the Humphreys court speculated that, in a murder conviction, the petition would not be granted even if the alleged victim were actually alive. The court noted that the proper remedy in such cases was a pardon. Dobbs v. State, 63 Kan. 321, 65 P. 658 (1901), and Howard v. State, 58 Ark. 229, *499 24 S.W. 8 (1893), hold that confessions of others to the crimes of which the defendants were found guilty did not form a sufficient basis to grant coram nobis relief. This rule is discussed in Annot., 33 A.L.R. 84 (1924).
This general rule has been followed in Florida. Lamb v. State, 91 Fla. 396, 107 So. 535 (1926). Lamb cites the above cases with approval. In Pike v. State, 103 Fla. 594, 139 So. 196 (1931), the court held that newly discovered evidence that the sole witness against Pike had confessed to the murder with which Pike was charged would not have prevented the entry of judgment had it been known. This evidence was testimony of a third party, not a recantation by the witness.
Recent cases have also followed this rule. Antone v. State, 410 So.2d 157 (Fla. 1982), holds that allegations of newly discovered evidence that Antone's connection to a murder conspiracy took place only after the murder had been committed were insufficient when it was admitted that Antone himself had testified at trial that he had not participated at all and when other witnesses had testified that he was a full participant. In Tafero v. State, 406 So.2d 89 (Fla. 3d DCA 1981), evidence that a third party had confessed to the crime for which Tafero was convicted and evidence that important state's witnesses had recanted their testimony to a fourth party were insufficient for coram nobis relief. The Florida Supreme Court has held that newly discovered evidence of a confession by a third party was insufficient to merit coram nobis relief. Riley v. State, 433 So.2d 976 (Fla. 1983).
The rule that can be deduced from this line of cases is that newly discovered evidence, if true, must directly invalidate an essential element of the state's case. Riley, 433 So.2d at 980. For example, if the sole prosecution witness recants his testimony, the state would be left with no evidence, and the petition might be granted. Cf. Tafero, 406 So.2d at 93 n. 8 and 94 n. 11. In each of the cases cited above, the newly discovered evidence did not refute an element of the state's case; rather, the evidence contradicted other existing evidence. Therefore, in each case, sufficient evidence to convict the petitioner remained even after the allegations in the petition, taken as true, were considered. Cf. Mikulovsky v. State, 54 Wis.2d 699, 196 N.W.2d 748 (Wis. 1972) where a third party confession was held not sufficient for coram nobis purposes because that confession merely affected the credibility of other independent evidence of the petitioner's guilt. In Riley, Justice Boyd, in dissent, conceded that, even accepting the existence of a third party confession, evidence remained to convict Riley. Boyd argued, however, that no jury could "conceivably" have convicted Riley upon this evidence. The majority, of course, did not accept this argument.
In the present case, Rolle's petition alleges that a critical prosecution witness named Wright implicated Rolle at trial, but that now a witness whose identity or existence could not have been earlier discovered claims that Wright confessed responsibility for the crime to him after Rolle was convicted. This sounds like the kind of evidence that might ordinarily merit serious consideration if presented in a timely motion for new trial. However, because it is conceded that there exists other evidence of petitioner's guilt and the new witness's testimony would not nullify Wright's testimony, but merely affect its credibility, we cannot conclude, under the stringent requirements of the case law set out above, that this evidence is sufficient for coram nobis relief. In other words, consideration of the petitioner's newly discovered evidence, together with the remaining evidence of petitioner's involvement, would not have mandated the entry of a judgment of acquittal for the petitioner even if known at the time of trial. See Tafero and Riley, supra, wherein relief was denied in similar circumstances.
We must confess, however, to being somewhat disturbed by this result, especially in the face of the rather liberal standards for relief from procedural error authorized *500 by the criminal rules of procedure through a motion for post-conviction relief.[1] The matter alleged herein, i.e., a newly discovered incriminating statement by the chief witness for the prosecution, clearly goes to the merits of the issue of petitioner's guilt or innocence. However, under the current state of the law judicial relief is excluded, and the petitioner is left to the mercy of the executive branch of government. We are powerless to even authorize the trial court to conduct a hearing on petitioner's allegations. The net result is that the judiciary may grant relief to a defendant who is not required to make any showing as to his innocence, but can demonstrate that his lawyer failed to perform up-to-snuff, although we are powerless to act in the face of allegations which, if proven, would directly affect the issue of the defendant's guilt or innocence.
PETITION DENIED.
BERANEK and HURLEY, JJ., concur.

ON REHEARING
ANSTEAD, Chief Judge.
Although we deny the petition for rehearing we certify the following question as one of great public importance:
In order to be entitled to an evidentiary hearing upon a petition for writ of error coram nobis predicated upon the recent discovery of additional evidence, must a showing be made that the defendant would have been entitled to a dismissal or directed verdict of acquittal had the new evidence been considered at the original trial?
This certification will permit the petitioner, if he so chooses, to seek further review of our decision in the Florida Supreme Court.
BERANEK and HURLEY, JJ., concur.
NOTES
[1] Newly discovered evidence cannot be a basis for relief under a motion for post-conviction relief. Hallman v. State 371 So.2d 482, 484 (Fla. 1979).