ADKINS, Judge.
The Fourth District Court of Appeal certified to this Court the following question as one of great public importance:
In order to be entitled to an evidentia-ry hearing upon a petition for writ of error coram nobis predicated upon the recent discovery of additional evidence, must a showing be made that the defendant would have been entitled to a dismissal or directed verdict of acquittal had the new evidence been considered at the original trial?
Rolle v. State, 451 So.2d 497 (Fla. 4th DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla.Const.
Rolle filed a petition in the Fourth District Court of appeal for leave to apply to the trial court for a writ of error coram nobis. The petition alleged that, subsequent to Rolle’s trial and conviction for murder, the state’s key witness admitted to a third party that he, the witness, had committed the murder for which Rolle was convicted. This newly discovered evidence is in the form of the deposition testimony of the third party to whom the witness made the incriminating statement. The petition did not allege that the state witness’ testimony was the only evidence used against Rolle, nor that the state witness himself now concedes that he lied in the prior trial.
The district court of appeal recognized the general rule regarding the sufficiency of an application for writ of error coram nobis established by this Court which we reaffirmed in Hallman v. State, 371 So.2d 482, 485 (Fla.1979), to wit:
[T]he alleged facts must be of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment.
(emphasis in original). See also Smith v. State, 400 So.2d 956 (Fla.1981). Applying the “conclusiveness” test established by this Court to Rolle’s petition, the district court stated:
In the present case, Rolle’s petition alleges that a critical prosecution witness named Wright implicated Rolle at trial, but that now a witness whose identity or existence could not have been earlier discovered claims that Wright confessed responsibility for the crime to him after Rolle was convicted. This sounds like the kind of evidence that might ordinarily merit serious consideration if presented in a timely motion for new trial. However, because it is conceded that there exists other evidence of petitioner’s guilt and the new witness’s testimony would not nullify Wright’s testimony, but merely affect its credibility, we cannot conclude, under the stringent requirements of the case law set out above, that this evidence is sufficient for coram nobis relief. In other words, consideration of the petitioner’s newly discovered evidence, together with the remaining evidence of petitioner’s involvement, would not have mandated the entry of a judgment of acquittal for the petitioner even if known at the time of trial.
451 So.2d at 499.
Although the district court of appeal correctly denied Rolle’s petition, it was *212 “disturbed by this result, especially in the face of the rather liberal standards for relief from procedural error authorized by the criminal rules of procedure through a motion for post-conviction relief.” Id. at 499-500. The court was apparently uncomfortable with the governing standard in coram nobis proceedings, noting the relative ease with which a defendant can obtain a hearing in the trial court on allegations of ineffective assistance of counsel compared with the difficulty of meeting the coram nobis standard. Id. at 500. Spurred by this concern, the court on rehearing certified the question as one of great public importance.
We decline to change the law governing the sufficiency of an application for a writ of error coram nobis. As we stated in Hallman:
This traditional “conclusiveness test” in error coram nobis proceedings is predicated on the need for finality in judicial proceedings. This is a sound principle, for litigants and courts alike must be able to determine with certainty a time when a dispute has come to an end.
871 So.2d at 485. Further the district court’s concern over the differing standards for ineffective assistance of counsel claims and coram nobis proceedings is unfounded. The question of effective assistance of counsel is never ruled upon by a trial court during the trial itself, and with certain exceptions cannot be raised on direct appeal. Thus, factual allegations concerning ineffectiveness more readily result in a hearing pursuant to Florida Rule of Criminal Procedure 3.850 because they involve an issue which has never before been litigated. That is not so in a proceeding such as this, where the guilt or innocence of the defendant has already been the central focus of a trial, and where the sufficiency of the evidence supporting guilt can be raised on direct appeal.
Finally, as the foregoing reveals, the showing that must be made by the defendant is that the newly discovered evidence must have conclusively prevented the entry of the judgment. The words used by the district court of appeal, i.e., that the defendant would have been entitled to a dismissal or directed verdict of acquittal had the evidence been presented at the original trial are more appropriately used in a motion for new trial. See Fla.R. Crim.Pro. 8.600(a)(3), requiring that the new evidence must be such that “if introduced at the trial [it] would probably have changed the verdict or finding of the court [in a case tried without a jury] ...” See also Tafero v. State, 406 So.2d 89 (Fla. 3d DCA 1981) (illustrating the distinctions between the standards which apply to a motion for new trial and to a coram nobis proceeding).
Therefore, we answer the certified question as modified in the affirmative and we approve the decision of the district court denying Rolle’s petition for leave to apply to the trial court for a writ of error coram nobis.
It is so ordered.
ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., and OVERTON, J., dissent with an opinion.