PER CURIAM.
Paul Young appeals the summary denial of his motion for postconviction relief. We affirm.
The motion is directed to Young’s 1982 conviction and life sentence for the murder of his wife. He alleges that new evidence has been discovered which proves that someone else actually committed the crime.[1] Specifically, Young has produced the affidavit of another prison inmate, Frank Bass, who claims to have executed a “contract” on Young’s wife.
The trial court denied the motion on the authority of Hallman v. State, 371 So.2d 482 (Fla.1979), which provides that a conviction should not be overturned on the basis of newly discovered evidence unless the alleged facts are “of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment.” 371 So.2d at 485. The court noted that three witnesses, Young’s stepdaughter and two jail inmates, testified at trial that Young admitted his involvement in the crime.[2]
Young moved for rehearing of this order, noting that Hallman dealt with the common law writ of error coram nobis. The burden of proof in coram nobis proceedings has been criticized as overly stringent. See, e.g., Rolle v. State, 451 So.2d 497, 499-500 (Fla. 4th DCA 1984), approved, 475 So.2d 210 (Fla.1985). As pointed out by Young, the writ of error coram nobis, following the supreme court’s decision in Richardson v. State, 546 So.2d 1037 (Fla.1989), has largely been supplanted by rule 3.850. It may be that the rigorous standards of a coram nobis action have been relaxed to some extent. See Neely v. State, 565 So.2d 337 (Fla. 4th DCA 1990). Certainly, Florida Rule of Appellate Procedure 9.140(g) would require us to reverse the trial court’s summary denial of Young’s motion unless the attachments to the order conclusively demonstrate that Young is entitled to no relief. However, we find that the exhibits attached by the trial court are sufficient to refute Young’s motion regardless of which standard of proof is employed.
The Bass affidavit attests that the killing of Mrs. Young was arranged by “Jerry,” who directed Bass to the Young residence near Zephyrhills. The route taken, the neighborhood, and the victim are described in some detail. Bass states that he watched the residence for several nights until, on January 11, 1982, he ascertained *787 that Mrs. Young was there alone. Bass knocked on the door, stated he was “a friend of her husband,” and was told to return the next day. He then “popped the door open” with a screwdriver and entered the residence; the interior layout is also described in some detail. Bass made Mrs. Young lie down on a bed and shot her once through the right breast with a .38 caliber handgun. He then lifted Mrs. Young’s T-shirt and observed that the bullet had exited “on her left side down low.” For this Bass states he was paid a total of $8,500. One week later he was arrested for robbery in Atlanta. The firearm used in the murder had been traded away prior to that time.
This recitation contrasts markedly with the testimony at Young’s trial, the transcript of which was attached to the order under review. Dr. Donna Brown, a pathologist called as a state witness, performed the autopsy on Mrs. Young. Dr. Brown testified that Mrs. Young had “four apparent gunshot holes to her body,” all from a single bullet. One, located on the left side of the back, was described as “most likely an entrance wound.” The three others were “centered around the area of the inner aspect of the right breast.”[3] The state also called Joseph Hall a firearms examiner, who tested the sheet from Mrs. Young’s bed and the shirt she had been wearing when she was shot. In Hall’s opinion the residue found on these items indicated Mrs. Young had been shot in the back. Finally, Young himself called one expert witness, pathologist John Feegel. Dr. Feegel’s opinion, based on a review of photographs and the written autopsy report, was that “these four wounds represent a through and through single gunshot wound,” with the entrance “in the left posterior chest or left upper side,” and the exit “from the underside of the right breast.”
Although it involved a claim of ineffective counsel rather than new evidence, our opinion in Penoyer v. State, 494 So.2d 236 (Fla. 2d DCA 1986), is instructive. Penoyer claimed that counsel failed to produce a witness who would have supported a claim of self-defense. The trial court attached to its order the trial transcript, which showed that this self-defense theory was inconsistent with Penoyer’s testimony at trial. See also, Antone v. State, 410 So.2d 157 (Fla.1982). Similarly, Young should be bound by the testimony of his own expert witness, which is physically inconsistent with that of the new evidence. Viewing this inconsistency in conjunction with the other evidence presented at trial, particularly that concerning Young’s repeated admissions of guilt, we conclude that the trial court made the correct decision in denying Young’s motion without an evidentiary hearing.
Affirmed.
SCHOONOVER, C.J., and RYDER and LEHAN, JJ., concur.

. If true, this would provide an exception to the general rule that a motion under Florida Rule of Criminal Procedure 3.850 must be filed within two years of the date the judgment and sentence become final. Richardson v. State, 546 So.2d 1037 (Fla.1989).

. It should be noted that Young denied making these admissions. Several of his fellow jail inmates testified on his behalf, denying that Young ever discussed his case while incarcerated awaiting trial. The stepdaughter’s testimony established that she had been drinking and taking drugs on the- evening when Young was alleged to have made the incriminating statements to her; on cross-examination she admitted that she could not recall Young’s exact words. Moreover, Young has obtained an affidavit from the stepdaughter to corroborate his theory that Mrs. Young was killed in retaliation for her participation in the 1981 robbery of a "purported Mafia member.” The affidavit does not recant the trial testimony regarding admissions by Young.

. Young attempts to demonstrate that Dr. Brown's autopsy report actually supports the thesis that Bass shot Mrs. Young in the chest. We find this conclusion somewhat surprising in view of such findings as "an exit in the front of the chest.”