WENTWORTH, Senior Judge.
This is an appeal from a judgment and sentence for grand theft. We affirm, finding no reversible error as to the two issues raised as to (1) exclusion of codefendant hearsay, and (2) improper comment in closing argument to which defense did not object.
The state charged Woodard with grand theft, robbery, and aggravated battery as the result of an October 2, 1989 shoplifting incident. Bonnie Hemmingway was employed by Maison Blanche Department Store as a senior security agent on that date. She testified that she observed three females from her position in the camera room. One of the females, Janice Harris, carried a hat and a large handbag. She took a plastic Maison Blanche shopping bag from behind the sales stand and placed it in the brim of her hat. The agent saw Harris take the bag out of her hat and proceed to gather two skirts to put into the bag, when Woodard appeared on the scene and stood directly in front of Harris. On their way out of the department, Harris scooped a pair of pants into the bag. Again, Woodard stood in front of Harris. Woodard and Harris did not converse, but Ms. Harris gave the bag to Woodard. After Woodard and the three women left Maison Blanche, Ms. Hemmingway confronted Woodard and identified herself as store security. He started to run, and she grabbed him by the arm. The bag fell, and he shoved her to the floor. Harris grabbed the bag and proceeded to leave. Harris and Woodard were apprehended and returned to the store security office. A seven minute videotape made by Maison Blanche security, played for the jury at trial, depicted Harris putting merchandise into the shopping bag and handing it to Woodard.
Harold Peacock of the Jacksonville Sheriffs Office testified that he was dispatched to Maison Blanche, where he arrested Woodard and Harris. On cross-examination, defense counsel proffered testimony from Officer Peacock that Harris admitted to him she took all the five items seized, and that Woodard was not involved in her activities. He added that she used the name Harris, which was not her true name, and that she was a juvenile. Defense counsel asserted that corroboration was shown by Harris’s guilty plea. The trial court ruled that the proffered statements were irrelevant and inadmissible hearsay, explaining that if Harris’s statement to Officer Peacock were allowed into evidence, the court would also allow in her sworn statement given in connection with her plea, which inculpated both herself and Woodard.
Woodard testified that Harris was his cousin, and that he saw her on the morning of October 2, at which time he gave her his hat. That afternoon, he went to the Regency Mall alone, and met Harris in Maison Blanche. She asked him to hold her bag. He stated that he was approached by a female security officer who grabbed him by the arm. He dropped the bag and fled, explaining: “Well, I assume something was wrong and I didn’t want to have nothing to do with it cause I was trying to do the right thing.” He denied striking the officer or knowing that the bag contained stolen articles. The jury returned verdicts finding Woodard guilty of grand theft, and not guilty of robbery and aggravated battery.
To establish admissibility of the hearsay statement against penal interest in this case appellant was required, under the controlling statute, to show trustworthiness by corroborating circumstances, as follows:
A statement tending to expose the de-clarant to criminal liability and offered to exculpate the accused is inadmissible, un *877 less corroborating circumstances show the trustworthiness of the statement.
§ 90.804(2)(c), Fla.Stat. (1989). Woodard improperly relies in part on the substance of Harris’s statement itself to establish corroboration of the statement’s reliability. We are not persuaded that the court erred in denying admissibility upon a determination that the recited circumstances did not establish trustworthiness. Cf. Walker v. State, 483 So.2d 791 (Fla. 1st DCA 1986), review denied, 492 So.2d 1336 (Fla.1986); Maugeri v. State, 460 So.2d 975 (Fla. 3d DCA 1984), cause dismissed, 469 So.2d 749 (Fla.1985); and Ards v. State, 458 So.2d 379 (Fla. 5th DCA 1984).
During closing argument, the prosecutor stated: “[Woodard] has more of an interest in the outcome of this case than anyone else and he’s had 4 and a half months to think about it and to think of a good story.” The prosecutor later repeated: “Don’t forget, he’s had 4 and a half months to think about his story. No one has more of an interest in the outcome than he does.” Assuming that the prosecutor’s remarks implicate appellant’s right to silence, they were not so extreme that admonishment or retraction could not have neutralized them. The fundamental- error doctrine therefore does not apply. Jones v. State, 571 So.2d 1374 (Fla. 1st DCA 1991); Domberg v. State, 518 So.2d 1360 (Fla. 1st DCA 1988), review denied, 529 So.2d 693 (Fla.1988). The evidence against appellant included his actions depicted on the videotape, evidence that he fled, and that he admitted receiving the bag which contained stolen items. We conclude that the prosecutor’s closing remarks were harmless because they could not reasonably have influenced the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.
ERVIN and WIGGINTON, JJ., concur.