PER CURIAM.
Freddie Williams appeals the denial of his motion for postconviction relief. We affirm.
The motion, which was heard more than seven years after Williams’s conviction was affirmed on appeal, alleges the discovery of new evidence and so was properly decided on its merits. See Richardson v. State, 546 So.2d 1037 (Fla.1989). Williams was convicted of robbing William Wade at gunpoint. Years after the fact one Steve Merrill, a fifteen-time convicted felon, came forward and alleged that Wade told him he had fabricated his testimony against Williams in exchange for lenient treatment from the state on charges then pending against Wade. Numerous witnesses, including the prosecutor and Wade himself, denied these allegations. Notably, at one point in the proceedings Merrill could not identify Wade although the latter had been sitting in the courtroom during part of the hearing.
Traditionally, relief based on newly discovered evidence was presented to the courts via a petition for writ of error coram nobis; where the judgment had been appealed, leave of the appellate court was an essential prerequisite. See Hallman v. State, 371 So.2d 482 (Fla.1979). The burden of proof in such cases was quite high, with the movant being required to establish conclusively that the judgment could not have been entered had the new evidence been available at the time of trial. That such evidence “probably” would have changed the outcome was deemed insufficient in Tafero v. State, 406 So.2d 89 (Fla. 3d DCA 1981).
In Richardson the supreme court determined that henceforth such claims should be presented directly in the trial court via Florida Rule of Criminal Procedure 3.850. It has been suggested that implicit in this change in procedure is some relaxation of the rigorous coram nobis standard of proof. State v. Neely, 565 So.2d 337 (Fla. 4th DCA 1990). A lesser showing, that the evidence “would probably have changed the verdict,” applies to prejudgment motions for new trial pursuant to Florida Rule of Criminal Procedure 3.600. Freeman v. State, 547 So.2d 125 (Fla.1989); Solis v. State, 262 So.2d 9 (Fla. 2d DCA), cert. denied, 265 So.2d 372 (Fla.1972). However, even applying this more lenient standard the trial court has broad discretion to determine the credibility of allegedly recanted testimony. Mollica v. State, 374 So.2d 1022 (Fla. 2d DCA 1979), cert. denied, 386 So.2d 639 (Fla.1980). We find absolutely no abuse of discretion in the trial court’s conclusion that the matters alleged in Williams’s motion “never took place.”
Williams also argues that the trial court should have sanctioned the state for its failure to respond to his motion, as ordered, within thirty days. His suggested remedy appears to be the granting of a new trial by default. Suffice it to say that we know of no authority for this proposition. By not responding, the state may have lost its right to complain that an evi-dentiary hearing was unnecessary, but this omission would not relieve the court itself of the task of resolving the merits of Williams’s motion.
Affirmed.
SCHEB, A.C.J., and RYDER and PATTERSON, JJ., concur.