PER CURIAM.
John Linkous appeals the denial of two motions for postconviction relief, both filed ¡n same circuit court case and disposed of below in a coordinated series of hearings. We affirm.
The first motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, concerned itself chiefly with the effectiveness of the representation provided by Lin-kous’s trial counsel. Few if any of the grounds raised in the motion set forth a prima facie case for relief. Giving Linkous benefit of the doubt, the trial court conducted an evidentiary hearing at which Lin-kous was present and represented by counsel. After hearing from Linkous the court found no evidence that counsel’s performance had been constitutionally deficient. We agree.
Linkous also filed a petition for writ of error coram nobis, citing newly discovered evidence. The trial court properly treated this petition as part and parcel of the 3.850 proceedings. See Richardson v. State, 546 So.2d 1037 (Fla.1989). While we again find no error in the denial of relief, this portion of the proceedings merits additional discussion.
Linkous was convicted in 1987 of several violations of section 794.041, Florida Statutes (1987) (sexual activity with child by person in familial or custodial authority). The purported “new evidence” is a sworn statement from the victim, his stepdaughter, in which she states that she “lied ... about my stepfather sexually molesting and abusing me ... to get even with my stepfather for not letting me have my way.”
As with the claim of ineffective counsel, the trial court conducted an evidentiary hearing. The two principal witnesses were the victim and her mother, Linkous’s wife. While Mrs. Linkous testified that her daughter signed the statement voluntarily, she also conceded that the statement had been prepared beforehand by Linkous or someone acting at his behest. The victim, on the other hand, testified that she signed the statement only after harassment from
*488 her mother. She did not even read the statement before signing it, and was unaware of its contents until the day of the hearing.
Prior to Richardson a defendant could obtain relief via rule 3.850 if he could establish that the state knowingly used perjured testimony to secure his conviction. State v. Matera, 266 So.2d 661 (Fla.1972). Apart from such a clear violation of due process, postconviction relief generally was unavailable based on the mere allegation that a witness lied at trial. See, e.g., Wild v. State of Oklahoma, 187 F.2d 409 (10th Cir.1951). Rather, it was presumed that the accused had the ability to confront all witnesses, and to produce evidence in his behalf, such that the credibility of any witness would be fully examined before the trier of fact.
An exception to this general rule occurred wherever defendant could show that previously unknown evidence had come to light which, had it been available at the time of trial, would have prevented entry of the judgment. The vehicle for presenting such evidence was the petition for writ of error coram nobis, a cumbersome and rigorous procedure. See, e.g., Rolle v. State, 451 So.2d 497 (Fla. 4th DCA 1984), affirmed, 475 So.2d 210 (Fla.1985). Among the types of “newly discovered evidence” appropriate for a coram nobis petition was the recantation of crucial trial testimony. Rolle.
The supreme court abolished the writ of error coram nobis in Richardson, at least for persons who, like Linkous, remain “in custody.” It is unclear whether, in so doing, they also intended to relax the tough standards of proof imposed in coram nobis proceedings. But see Neely v. State, 565 So.2d 337 (Fla. 4th DCA 1990). However, under any reasonable standard we would find no error in the denial of Linkous’s petition.[1] Cf. Williams v. State, 582 So.2d 143 (Fla. 2d DCA 1991). The present case demonstrates why recanted testimony historically has been viewed by the courts as unreliable. See, e.g., Henderson v. State, 135 Fla. 548, 185 So. 625 (1939). Here the record fully supports the trial court’s decision to afford the victim’s affidavit no credibility whatsoever. Cf. Brown v. State, 439 So.2d 872 (Fla.1983).
Affirmed.
SCHOONOVER, C.J., and PARKER and ALTENBERND, JJ., concur.

. When newly discovered evidence is brought to the trial court’s attention in a timely motion for new trial, pursuant to Fla.R.Crim.P. 3.600, a less stringent burden of proof has been imposed. Even then, however, the trial court enjoys broad discretion to determine the credibility of an alleged recantation of trial testimony. Mollica v. State, 374 So.2d 1022 (Fla. 2d DCA 1979), cert. denied, 386 So.2d 639 (Fla.1980).