PER CURIAM.
Charles Norris appeals the denial of his motion for postconviction relief. We reverse.
Norris’s motion raises four separate issues; all but one are facially insufficient or should have been argued on direct appeal. The sole issue requiring further proceedings concerns Norris’s claim to have discovered new and material evidence which he believes will demonstrate his innocence. See Richardson v. State, 546 So.2d 1037 (Fla.1989). Norris was charged with and convicted of engaging in sexual activity with a child, a violation of section 794.041, Florida Statutes (1987). The new evidence is an affidavit purportedly executed by the victim, recanting her trial testimony and denying that she had been sexually abused by Norris.
The trial court found that since Norris had not accused the state of willful reliance upon perjured testimony, the motion was facially insufficient. State v. Matera, 266 So.2d 661 (Fla.1972). This conclusion is incorrect. A movant seeking relief on the basis of recanted testimony is not, and has never been, required to allege misconduct on the part of the state. Matera and relat *1321 ed cases merely hold that Florida Rule of Criminal Procedure 3.850 heretofore has not been the proper vehicle for raising such claims. Instead, such persons formerly were required to utilize the more cumbersome petition for writ of error coram nobis. See, e.g., Rolle v. State, 451 So.2d 497 (Fla. 4th DCA 1984), affirmed, 475 So.2d 210 (Fla.1985).
Richardson abolished this procedure for persons still in custody. In view of this procedural change the trial court erred when holding that, as a matter of law, Norris was foreclosed from relief. See also Linkous v. State, 585 So.2d 486 (Fla. 2d DCA 1991).
After remand the trial court should address the merits of Norris’s claim that crucial trial testimony has been recanted. If the court finds the affidavit to be genuine, it should then determine whether the recantation is sufficiently reliable to warrant vacating Norris’s conviction for a new trial. Quite likely an evidentiary hearing will be necessary to accomplish this purpose. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
DANAHY, A.C.J., and LEHAN and PATTERSON, JJ., concur.