597 So.2d 944 (1992)
Albert Scott COMFORT, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00929.
District Court of Appeal of Florida, Second District.
April 29, 1992.
*945 PER CURIAM.
Albert Comfort appeals the summary denial of his motion for postconviction relief. We reverse for further proceedings with regard to one issue raised in the motion. The circuit court's order otherwise is affirmed.
The greater portion of Comfort's motion involves his claim of ineffective assistance of counsel. Comfort lists nine witnesses whose names were furnished to defense counsel, but who were not called to testify until sentencing  that is, not until after Comfort had been convicted. Appended to the motion is a transcript of the sentencing hearing. With one exception, this fails to substantiate Comfort's assertion that the witnesses were measurably exculpatory. Rather, most appear to have been intended as character witnesses or to offer their opinion that Comfort was not likely to engage in future misconduct. The sole exception is Comfort's wife, who appears to have been willing to provide alibi testimony with regard to at least some of the offenses for which Comfort was prosecuted.
The failure to investigate and summon alibi witnesses can constitute ineffective assistance. Young v. State, 511 So.2d 735 (Fla. 2d DCA 1987). While counsel may have had legitimate tactical reasons for not calling this witness during his case in chief, such a conclusion is rarely appropriate for the summary denial of postconviction relief. See Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990). Accordingly, further proceedings will be necessary to resolve this one issue.
The second issue, although without merit, also warrants comment. Comfort claims to have newly discovered evidence that at least one of his victims has recanted her trial testimony. Under certain circumstances this may constitute a valid basis for postconviction relief. Norris v. State, 586 So.2d 1320 (Fla. 2d DCA 1991). However, in the present case we believe the circuit court was justified in rejecting the evidence submitted along with Comfort's motion. Unlike Norris the victim's "affidavit" is unsigned. Other witness affidavits, from persons who purportedly overheard the victim recant her statements, are not shown to be admissible under section 90.804(2)(c), Florida Statutes (1991). See also Woodard v. State, 579 So.2d 875 (Fla. 1st DCA 1991) (requiring a showing that evidence under this section is trustworthy).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SCHOONOVER, C.J., and DANAHY and LEHAN, JJ., concur.