PER CURIAM.
Chambers timely appeals the summary denial of his rule 3.850 motion. Chambers raises three claims to support his motion. We reverse for further proceedings with respect to the claims of ineffective assistance and otherwise affirm the order of denial.
Chambers claims his counsel was ineffective in failing to call an alibi witness. Chambers alleges the witness would have testified that he was in another part of the state on the date the crime occurred and he could not have returned at the time the crime was committed. The failure to call an alibi witness can constitute ineffective assistance. Comfort v. State, 597 So.2d 944 (Fla. 2d DCA1992). Accordingly, we reverse and remand for further proceedings with respect to this claim.
Chambers also claims counsel was ineffective in failing to introduce into evidence a tape recording which would have demonstrated that Chambers was not involved in the crime. While counsel’s failure to introduce the tape may have been a tactical decision, we cannot make that determination from the record before us. We therefore reverse and remand for further proceedings with respect to this claim.
*119 Reversed, in part, and remanded. On remand, the trial court may again deny the relief requested and attach to its order of denial that portion of the record refuting the claims of ineffective assistance or conduct an evidentiary hearing. The order of denial is otherwise affirmed.
SCHOONOVER, A.C.J., and THREADGILL and PATTERSON, JJ., concur.