642 So.2d 67 (1994)
Carl Leroy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2644.
District Court of Appeal of Florida, First District.
August 26, 1994.
Appellant Pro Se.
Robert A. Butterworth, Atty. Gen., Joe S. Garwood, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
*68 PER CURIAM.
Carl Leroy Williams appeals the denial of his motion for post-conviction relief. On April 3, 1991, he was convicted of second degree murder, attempted first degree murder, and two counts of armed robbery. This court affirmed the convictions on direct appeal. Williams v. State, 614 So.2d 506 (Fla. 1st DCA 1993).
Seeking to set aside his convictions, Williams subsequently alleged in some detail four grounds in a motion he filed in the trial court under Florida Rule of Criminal Procedure 3.850:
(1) knowing use of perjured testimony by the state;
(2) defects in the charging statement;
(3) insufficient evidence to support a conviction; and
(4) ineffective assistance of counsel.
We affirm the trial court's denial of relief on grounds one, two and three, but reverse and remand for an evidentiary hearing on ground four.
Construed most favorably to the movant, the allegations in support of the first ground amount to a claim that an accomplice's incriminating testimony at trial varied from testimony he gave on deposition, and that fingerprint evidence supported the pretrial, noninculpatory statement. But there is no allegation of any action on the part of the prosecution to bring about a change in the testimony or of any circumstance not known to the defense at the time of trial. Defense counsel apparently used the accomplice's deposition testimony in an effort to impeach him at trial. We find these allegations facially deficient. State v. Matera, 266 So.2d 661 (Fla. 1972); DeHaven v. State, 618 So.2d 337 (Fla. 2d DCA 1993); United States v. Helmsley, 985 F.2d 1202 (2d Cir.1993).
To the extent that a Rule 3.850 motion urges grounds which either were or could have been raised as issues on direct appeal, summary denial is appropriate. McCrae v. State, 437 So.2d 1388, 1390 (Fla. 1983). The second and third grounds Williams alleged are not cognizable under Rule 3.850 because these grounds could have been raised on direct appeal.
Because the record on the present appeal does not conclusively demonstrate that Williams is entitled to no relief on the remaining ground, we are required by Florida Rule of Appellate Procedure 9.140(g) to remand for an evidentiary hearing. Florida Rule of Criminal Procedure 3.850(d) provides that when "denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the prisoner is entitled to no relief shall be attached to the order." Florida Rule of Appellate Procedure 9.140(g) mandates that the trial court
shall ... transmit to the [appeals] court as the record, conformed copies of the motion, order, motion for rehearing, and order thereon, and attachments to any of the foregoing... . Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.
(Emphasis supplied.) Here the trial court has not attached important documents relevant to Williams' claim of ineffective assistance of counsel. We do not have the trial transcript or deposition transcripts, the alleged reports concerning the fingerprint evidence, or any other pertinent material aside from pleadings and orders in the collateral proceeding.
In asserting ineffective assistance of counsel, Williams claims, inter alia, that trial counsel failed to call nine alibi witnesses allegedly available to testify on Williams' behalf. The trial court ruled that whether to call a given witness is a matter of trial strategy for defense counsel to decide. Citing Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984), our supreme court in Downs v. State, 453 So.2d 1102 (Fla. 1984) has indeed held that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." 453 So.2d at 1108. But the Downs court rejected the appellant's ineffective assistance claim, which included an allegation concerning the failure to call alibi witnesses, only after "facts developed in the record *69 ma[de] clear that the conduct of Downs' counsel was reasonable under the circumstances." Id. at 1109.
Without an adequate record, we are in no position to make such a fact-based determination, as a plethora of recent cases attests. Chambers v. State, 613 So.2d 118 (Fla. 2d DCA 1993) (failing to call alibi witnesses can be ineffective assistance of counsel; trial court must attach record conclusively demonstrating no entitlement to relief or hold evidentiary hearing); Gordon v. State, 608 So.2d 925 (Fla. 3d DCA 1992) (finding defense counsel's action to be tactical is generally inappropriate, without an evidentiary hearing; counsel should be heard from as to whether decision truly was "tactical"); Comfort v. State, 597 So.2d 944 (Fla. 2d DCA 1992) (concluding that counsel had legitimate tactical reasons for not calling alibi witness is rarely an appropriate basis for summary denial of post-conviction relief); Harley v. State, 594 So.2d 352 (Fla. 2d DCA 1992) (summary denial of ineffective assistance claim based on trial counsel's "tactical" decisions is generally inappropriate); Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990) (determination whether trial counsel's actions were tactical is best made by trial judge following an evidentiary hearing); Young v. State, 511 So.2d 735 (Fla. 2d DCA 1987) (trial counsel's failure to interview or call three alibi witnesses constitutes a prima facie showing of entitlement to relief, subject to rebuttal); Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986) (failing to interview or call alibi witnesses can support a finding of ineffectiveness of counsel).
We are mindful of the heavy burden on a movant collaterally attacking a conviction on grounds of ineffective assistance of counsel. See Strickland; Downs. But the trial court's summary denial of Williams' claims of ineffective assistance of counsel must be reversed and remanded for an evidentiary hearing in accordance with Florida Rule of Appellate Procedure 9.140(g) because the trial court failed to assemble a record from which it could be conclusively determined that Williams is entitled to no relief.
The trial court's denial of Carl Leroy Williams' motion for post-conviction relief is affirmed in part, reversed in part, and remanded for an evidentiary hearing in accordance with this opinion.
ERVIN, BARFIELD and BENTON, JJ., concur.