648 So.2d 1249 (1995)
Jerry DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2739.
District Court of Appeal of Florida, Fourth District.
January 25, 1995.
Jerry Davis, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jiminez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
*1250 PARIENTE, Judge.
Defendant timely appeals a summary denial of his rule 3.850 motion without evidentiary hearing. Defendant asserted ineffective assistance of counsel as a result of the failure of his trial counsel to preserve two issues for appeal: the prosecutor's alleged comment on defendant's silence and the admissibility of the victims' out-of-court identification. Both of these issues were raised on direct appeal, but this court found that neither issue had been preserved for appeal. Davis v. State, 579 So.2d 418 (Fla. 4th DCA 1991).
The state's response to defendant's motion before the trial court was that: 1) the issue had been decided on appeal; 2) the issues raised were inappropriate subjects for a rule 3.850 motion; and 3) no objection was made at trial. The trial court adopted the state's response, and its attachment  the answer brief filed on direct appeal.
This court has held that trial counsel's failure to object to reversible error, while waiving the point on direct appeal, does not bar a subsequent, collateral challenge based on a claim of ineffective assistance of counsel. Vento v. State, 621 So.2d 493, 495 (Fla. 4th DCA 1993). Our decision in the direct appeal in this case makes clear that the merits of the points raised were not addressed because of the failure to object at trial. Davis, 579 So.2d at 418.
Unless the record supplied conclusively demonstrates that defendant is not entitled to relief, we are compelled to reverse the trial court's order of summary denial in accordance with rule 9.140(g) of the Florida Rules of Appellate Procedure. The state's answer brief, filed as an attachment to the trial court's order summarily denying relief, is not a proper "record" to support affirmance of a summary denial under rule 9.140(g). Compare Kaufman v. Lassiter, 616 So.2d 491, 493 (Fla. 4th DCA), review denied, 624 So.2d 267 (Fla. 1993) (party is estopped to argue a position contrary to that taken in a prior appeal).
The state's conclusory arguments that trial counsel's failures to object were reasonable strategic decisions cannot support affirmance of a summary denial and substitute for an evidentiary hearing. While the failure to object based on reasonable trial strategy may refute a claim of ineffective assistance of counsel, "without an adequate record, we are in no position to make such a fact-based determination as a plethora of recent cases attests." Williams v. State, 642 So.2d 67, 69 (Fla. 1st DCA 1994); see also Chambers v. State, 613 So.2d 118 (Fla. 2d DCA 1993).
Accordingly the trial court's summary denial of defendant's motion for post-conviction relief is reversed and remanded for either an evidentiary hearing or for attachment of record excerpts which are sufficient to conclusively disprove defendant's claims of ineffective assistance of counsel.
GUNTHER and STONE, JJ., concur.