PER CURIAM.
Appellant, Keith Simmons, appeals the trial court’s summary denial of his motion for postconviction relief alleging ten grounds of ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Summary denial was proper as to claims two through ten. Therefore, we affirm the denial of these claims without further discussion. For the reasons that follow, we reverse the summary denial of ground one, remand for further proceedings in connection with that ground, and affirm the trial court’s order in all other respects.
In ground one, Appellant alleged his defense attorney rendered ineffective assistance in failing to obtain a ruling on a motion to sever. The trial court based its denial of this claim on the State’s response to Appellant’s postconviction motion, which characterized defense counsel’s failure to obtain a ruling on the motion as trial strategy. In its response, the State neither referenced nor attached portions of the record refuting Appellant’s claims. Similarly, the trial court’s order failed to include record attachments. While the failure to obtain a ruling on a motion to sever based on reasonable trial strategy may refute a claim of ineffective assistance of counsel, “without an adequate record, we are in no position to make such a fact-based determination.” See Davis v. State, 648 So.2d 1249, 1250 (Fla. 4th DCA 1995) (citing Williams v. State, 642 So.2d 67, 69 (Fla. 1st DCA 1994)). Thus, because the trial court failed to assemble a record from which it could be conclusively determined that Appellant is entitled to no relief on this facially sufficient claim, we reverse the trial court’s order as to that claim and *328 remand with instructions for the court to either attach portions of the record conclusively refuting this claim or for an eviden-tiary hearing. See Williams v. State, 46 So.3d 118, 119 (Fla. 1st DCA 2010) (identifying this form of relief).
In addition to challenging the summary denial of his ten postconviction claims, Appellant raises two issues for the first time on appeal. We decline to address these issues because, among other reasons, Appellant’s failure to present arguments associated with both issues renders them “insufficiently presented for review.” Shere v. State, 742 So.2d 215, 218 n. 6 (Fla.1999) (because the appellant “did not present any argument or allege on what grounds the trial court erred in denying these claims,” the claims were “insufficiently presented for review”); see also State v. Mitchell, 719 So.2d 1245, 1247 (Fla. 1st DCA 1998) (concluding that “[i]n the absence of any argument addressed to the [claim],” the appellant “abandoned such a claim”).
Accordingly, we affirm the denial of claims two through ten but reverse the denial of claim one and remand for further proceedings on this claim.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
DAVIS, LEWIS, and WETHERELL, JJ., concur.