IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JERRY GALLION,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D13-2905

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed December 9, 2014.

An appeal from the Circuit Court for Duval County.
Mallory D. Cooper, Judge.

Jerry Gallion, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Lauren Brudnicki, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

Appellant, Jerry Gallion, appeals an order denying his postconviction relief

motion which he filed pursuant to Florida Rule of Criminal Procedure 3.850. We

find no error in the trial court's denial of relief as to Grounds 1, 3, and 6 following

an evidentiary hearing. However, because the trial court summarily denied

Grounds 2, 4, 5, 7, 8, and 9 without attaching portions of the record conclusively refuting the claims, a fact acknowledged by the State, we reverse and remand with instructions that the court either attach such portions of the record or hold an evidentiary hearing on the claims. See Wainwright v. State, 896 So. 2d 695, 698 (Fla. 2004) (noting that a defendant is entitled to an evidentiary hearing on a postconviction relief claim unless the motion and record conclusively show that he or she is entitled to no relief or where the claim is legally insufficient); Simmons v. State, 66 So. 3d 327, 327-28 (Fla. 1st DCA 2011) (reversing for record attachments or for an evidentiary hearing where the trial court failed to assemble a record from which it could be conclusively determined that the appellant was not entitled to any relief on his facially sufficient rule 3.850 claim); Washington v. State, 10 So. 3d 1126, 1127 (Fla. 1st DCA 2009) ("If the postconviction defendant's claims are legally sufficient, the trial court must attach portions of the record that conclusively refute the claims.").

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

LEWIS, C.J., VAN NORTWICK and SWANSON, JJ., CONCUR.